# Stewart *v.* Keller.

### Assumpsit.

(Decided November 23rd, 1916.   73 South. 89.)

1. **Bill of Exceptions; Filing; Time; Computation.**—Considered in the light of the provisions of § 11, Code 1907, a bill of exceptions presented to the trial judge on Monday the 91st day after judgment was entered, was filed within the time provided by § 3019, Code 1907, allowing 90 days for the filing of the bill of exceptions.

2. **Appeal and Error; Record; Conclusiveness.**—Where the judgment entry recites that issue was joined "on the general issue in short by consent," the recital is conclusive although the record shows special pleas setting up defenses not available under the general issue.

3. **Bills and Notes; Action; Issues.**—Where the action was by an endorsee of the note, and the case was tried on the general issue only, its effect being merely to deny the execution or assignment of the note in suit, as to which there was no dispute, the court erred in directing a verdict for defendant, although irrelevant evidence was admitted, which would have tended to support special defenses.

[Stewart v. Keller.]

APPEAL from Cullman Circuit Court.

Heard before Hon. R. C. BRICKELL.

Assumpsit by S. E. Stewart against Thos. E. Keller. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Transferred from the Court of Appeals.

SAMPLE & KILPATRICK, for appellant. A. A. GRIFFITH, for appellee.

SAYRE, J.— (1) The motion to strike the bill of exceptions is overruled. The bill was presented to the trial judge on the ninety-first day after judgment entered; but the ninetieth day fell on Sunday, and the purpose and effect of the amendment of section 11, Code 1896, was to avoid the interpretation put upon the section in *Allen v. Elliott*, 67 Ala. 432, and followed in a line of later cases. That section, so far as relevant, reads in the Code of 1907 as follows: "11. *Time, How Computed.*—The time within which any act is provided by law to be done must be computed by excluding the first day and including the last; *if the last day is Sunday, it must also be excluded, and the Monday following shall be counted as the last day within which the act may be done.*"

The addition to the section, shown by the italics above, makes it clear that the legislative purpose was to obviate the construction that had been previously put upon the statute. In its present shape, section 11 of the Code furnishes a rule of construction, applicable to section 3019, as to other sections prescribing the time within which acts are to be done, and its effect in this case was to authorize the presentation of the bill of exceptions at the time when it purports to have been presented. *Baker v. Cen. of Ga.*, 165 Ala. 466, 51 South. 796, holds nothing to the contrary. That case was untouched by section 11 of the Code.

(2, 3) The suit was brought by the assignee of a negotiable promissory note. The proof showed that defendant had one or more good defenses to the action, and in the record there are several special pleas in which defendant undertook to state—how well we are not required to say—defenses not available under the general issue; but the judgment entry recites that issue was joined "on general issue in short by consent," and that entry is conclusive. We must presume, therefore, that the cause was

[Carter, et al. v. Shugarman.]

tried upon the general issue only, and we find that the plaintiff has assigned for error several rulings of the court admitting evidence that would have tended to support special defenses, but which was irrelevant under the general issue, since the effect of the general issue in such cases is merely to deny the execution or assignment of the note in suit.—*Agee v. Medlock*, 25 Ala. 281; 8 Cyc. 199. Neither the execution nor the assignment of the note in suit was denied, and it results that the court erred in giving the general charge for defendant.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.