(100 South. 202)

**HERRING et al. v. GRIFFIN et al.
(4 Div. 113.)**

(Supreme Court of Alabama. May 1, 1924.)

1. Statutes ⬳225½—Special provisions relating to specific subjects control over general.

Special provisions relating to specific subjects control general provisions relating to general subjects, and things specially treated will be considered as exceptions to general provisions.

2. Executors and administrators ⬳194(7)—Appeal from decree to set aside exemptions to widow and minor children must be perfected within 20 days.

Appeals from decrees affecting exemptions to widow and minor children must be perfected within 20 days, under Code 1907, § 4216, neither section 2855, authorizing appeals from probate court, nor section 2868, fixing time of appeals as within 6 months from decree, being applicable.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Proceeding by Hamp Griffin and others in the probate court to set apart a homestead. From the decree entered George L. Herring and others, contestants, appealed to the circuit court, and, from a judgment of the circuit court affirming the decree of the probate court, contestants prosecute this appeal. Appeal dismissed.

T. L. Borom and John H. Wilkerson, both of Troy, and Black, Harris & Foster, of Birmingham, for appellants.

An appeal lies to the circuit court from any final decree of the probate court. Code 1907, § 2855. A decree of the probate court, entered under the provisions of section 4224 of the Code, is a final decree. Truett v. Woodham, 98 Ala. 604, 13 South. 519; Ex parte Sumlin, 204 Ala. 376, 85 South. 810; Nooe's Ex'r v. Garner's Adm'r, 70 Ala. 443; Bell v. Bell, 183 Ala. 645, 62 South. 833; McKenzie v. Jensen, 195 Ala. 36, 70 South. 678.

A. G. Seay, of Troy, for appellees.

Appeal from the probate court should have been taken to the Supreme Court within 20 days from the date of the decree. Code 1907, § 4216; McDaniel v. McDaniel, 199 Ala. 467, 74 South. 947; Jones v. Hubbard, 208 Ala. 269, 94 South. 167. The appeal, not having been taken in time, will be dismissed. McKenzie v. Jensen, 200 Ala. 191, 75 South. 939.

GARDNER, J. We feel constrained to hold that the motion to dismiss the appeal in this cause is well taken, and must be sustained.

The question of setting apart exemptions to the widow and minor children is specifically provided for in article 4 of chapter 86 of our Code. Sections 4205–4230, Code of 1907. Section 4216 provides that, from the decree of the probate court pronounced on exceptions to the report of the commissioners, the aggrieved party may appeal to the Supreme Court within 20 days. In McDaniel v. McDaniel, 199 Ala. 467, 74 South. 947, the appeal taken under the provisions of section 4216, was dismissed as not having been perfected within 20 days, the court saying, "the statute authorizing appeals from such decree * * * requires the appeal to be taken within 20 days." In Jones v. Hubbard, 208 Ala. 269, 94 South. 167, the court, in making reference to appeals in cases of this character, cites the above-cited authority in connection with section 4216 of the Code of 1907. See, also, Ingram v. Ingram, 119 Ala. 256, 24 South. 47.

True the decree rendered in the instant case is a final decree, and doubtless, in the absence of any special provision, would come within the influence of section 2855, authorizing appeals from final decrees of the probate court to the circuit court or the Supreme Court, and, in the absence of other limitations, be governed by the provisions of section 2868 of the Code, fixing the time as within 6 months from the rendition of the decree.

[1] The appellants seem to have assumed that the appeal in the instant case was governed by section 2855, and prosecuted the appeal to the circuit court, and from the later court to this court. The solution of the question rests of course upon a proper construction of our statute, so as to arrive at the true legislative intent. The general rule as to such construction applicable to question of this character is found stated in Pepper v. Horn, 197 Ala. 395, 73 South. 46; quoted from City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 South. 159, as follows:

"Special provisions relating to specific subjects control general provisions relating to general subjects. The things specially treated will be considered as exceptions to the general provisions."

In City Council of Montgomery v. Bldg. & Loan Ass'n, 108 Ala. 336, 18 South. 816, the same principle of construction is found stated in the following quotation there approved:

"When the law descends to particulars, such more special provisions must be understood as exceptions to any general rules laid down to the contrary; and the general rules must not (vice versa) be alleged in confutation of the special provisions."

[2] So, in the instant case, applying this rule of construction, we find that the Legislature has made special provision as to appeals in cases of this character, with a limitation as to time of 20 days. It is readily seen from an examination of these provisions that the entire legislative scheme looked to a speedy determination of all questions relating thereto, and we think it would be entirely out of harmony with the legislative intent to hold that appeal was also provided under section 2855 of the Code, where the cause might be carried first to the circuit court and then on to the appellate court, with the limitation of time as prescribed for such appeals. The stipulation for the prosecution of the appeal within 20 days under section 4216 itself indicates the legislative intent for an early determination and final settlement of such matters; and we are persuaded that this section controls as to the matter of appeals under article 4 of chapter 86 of our Code. There is ample room for the operation of section 2855 in all cases of final decrees not otherwise specially provided.

The provisions of this latter section are general, but those concerning appeals in matters of this character are special provisions, treating this particular subject. These special provisions therefore are to be understood as exceptions to the general rule, by which we must here be controlled.

The appeal in the instant case was not taken pursuant to section 4216 of the Code, in the manner and within the time therein prescribed; and it results as our conclusion that the motion to dismiss the appeal must prevail.

Appeal dismissed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.