21 So.2d 310

## STATE v. ELLIOTT.

### 6 Div. 245.

Supreme Court of Alabama.

March 1, 1945.

440

Wm. N. McQueen, Acting Atty.Gen., and John W. Rish and H. Grady Tiller, Asst.Atty.Gen., for appellant.

Geo. P. Bondurant, of Birmingham, for appellee.

SIMPSON, Justice.

This court is without jurisdiction to entertain the appeal and the motion to dismiss it must be sustained.

The proceedings giving rise to the appeal were transacted in the probate court under authority of Act No. 324, General Acts 1943, page 308, Code 1940, Tit. 61 § 216, providing for the determination of the validity of disputed claims filed against solvent estates.

This act is an amendment of § 216, Title 61, Code of 1940, and provides that from a judgment rendered by a probate court declaring as to the validity of such disputed claim "either party may within thirty days after rendition of such judgment appeal to the circuit court of the county in which the administration of said estate is pending, and the trial of the validity of said claim in said circuit court shall be de novo and upon demand, of either party, filed in the circuit court within thirty days from the taking of said appeal shall be tried by a jury."

The appeal in the instant case has been presented directly to this court and, of consequence, the motion to dismiss must prevail.

It is true the judgment is a final one and doubtless, in the absence of any special provision, an appeal therefrom would be influenced by such general provisions, authorizing appeals either to the Supreme Court or circuit court from final judgments, orders and decrees of the probate court, as §§ 775 and 776, Title 7, Code 1940.

These latter sections are general, however, while the statute concerning appeals of the kind here under consideration is a special provision, dealing with this specific subject, and is construed as an exception to the general law. In such a case

the general yields to the special and the exception controls. Downing v. City of Russellville, 241 Ala. 494, 503(15), 3 So. 2d 34; Herring v. Griffin, 211 Ala. 225, 100 So. 202; City of Birmingham v. Southern Express Co., 164 Ala. 529, 538, 51 So. 159.

The validity of the act is challenged as contravening § 45 of the State Constitution, but the argument is not persuasive.

The title of the act purposes "to amend Section 216 of Title 61 of the Code of Alabama of 1940." This Code section dealt fully and specifically with the subject and was the codification of Act No. 517 of General Acts of 1939, page 806, Code 1940, Tit. 7, § 30; Tit. 61, § 216, dealing with the same subject, and providing therein for the appeal from the rendition of a judgment on any such claim.

The only substantial change in the present act is the quoted portion hereinabove which merely changes the method of taking appeals from judgments rendered in the probate court. This added provision in no way renders the act constitutionally offensive. It clearly relates to the same subject and is cognate with and germane to the law as expressed in the original section. This is the test of validity. Ala.Dig., Statutes, ☞148.

It is permissible that a statute, proposing to amend a Code section, may, in the title, identify the same by number and may deal with any feature of the section to be amended if germane thereto (State ex rel. Farmer v. Haas, 240 Ala. 30, 196 So. 873), and the rule was not contravened here.

Nor does the retroactive feature of § 2 of the questioned act affect its validity. The act is remedial in character and neither creates, enlarges, diminishes nor destroys vested rights, and whatever retrospective operation it may be conceded to have, would not render it odious to law. Barrington v. Barrington, 200 Ala. 315, 76 So. 81; Miller-Brent Lumber Co. v. State, 210 Ala. 30, 97 So. 97; First National Bank v. Jaffe, 239 Ala. 567, 196 So. 103; 50 Am. Jur. 505, § 482.

It is argued in brief for the appellant, State of Alabama, that if the appeal is to the wrong court then, rather than dismissing it, this court should order a transfer of the cause to the proper appellate (circuit) court. There is no authority for such action. Transfer of causes from this court to the Court of Appeals when improperly submitted here, is authorized, § 96, Title 13, Code of 1940, as is the transfer of a case from one court to another of like jurisdiction in the same county when the case should have been filed in the other court or where the right is properly justiciable in the other court, Article 3, Title 13, §§ 149—156, Code 1940, but the transfer here suggested is not authorized.

Appeal dismissed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.