61 So.2d 692

**CLARY v. CASSELS.**

6 Div. 89.

Supreme Court of Alabama.

Nov. 20, 1952.

Kingman C. Shelburne, H. L. Anderton
and Chas. T. Emmett, Jr., all of Birming-
ham, for appellee.

Chas. W. Greer and McGowen & Mc-
Gowen, all of Birmingham, for appellant.

GOODWYN, Justice.

This proceeding involves a disputed claim against a solvent estate under the provisions of Code 1940, Tit. 61, § 216, as amended by Act No. 324, approved July 1, 1943, Gen.Acts 1943, p. 308.

The probate court allowed the claim, and an effort was made on behalf of the executor to take an appeal to the circuit court. The claimant filed in the circuit court his "objections to trial and motion for discontinuance," which the court overruled. The circuit court, after a hearing without a jury, entered judgment denying the claim. From that judgment the claimant has taken this appeal, insisting that the court erred (a) in overruling "his objections to trial and motion for discontinuance," and (b) in rendering judgment in favor of the executor. Our conclusion is that the case is due to be reversed and rendered for the reason that the appeal from the probate court to the circuit court was not perfected as required by statute.

### The Facts.

The appellant filed his claim in the Probate Court of Jefferson County against the estate of Maude V. Clary, deceased. The administration of this estate was then pending in said court. The basis of the claim is a promissory note for $4,250.00, dated May 15, 1947, executed by the deceased, Maude V. Clary, and made payable on demand to the order of appellant. The judgment of the probate court allowing the claim was rendered on November 22, 1949. On December 12, 1949, the executor filed the following instrument in the probate court:

"Security for costs in probate court     Final record 87, page 85.

| The State of Alabama Jefferson County | } | Probate Court |
|---|---|---|

| J. Roy Clary, Plaintiff vs Estate of Maude V. Clary, Deceased, Defendant. | } | No. 23307 Security for costs in Probate Court. |
|---|---|---|

We hereby acknowledge ourselves security for all costs in the Circuit Court in the above case, returnable to the present term thereof. And for the payment of the above bond, we hereby waive our right of exemption to person (sic) property under the Constitution and Laws of the State of Alabama.

J. Vernon Cassels (L.S.)
G. H. Brinkman (L.S.)
T. C. Day (L.S.)"

On the bottom of this instrument is the following notation:
"Taken and approved this the 12 day of December 1949.

T. C. Garner, Probate Judge."

On the same day, December 12, 1949, the probate court made the following order:

"On this day came J. Vernon Cassels with G. W. Brinkman and T. C. Day as sureties and filed bond to secure all costs of appeal to the Circuit Court of Jefferson County, Alabama, in the matter of petition to determine the validity

of the claim of J. Roy Clary filed against the estate of Maude V. Clary, deceased.

"And it appearing to the Court that said sureties are good and solvent, it is, therefore, ordered that said bond be taken, approved and recorded.

"It is further ordered that notice of the filing of said appeal be given McGowen & McGowen, as attorneys for J. Roy Clary, in the manner and form as is by the Statute in such cases made and provided."

The record of the proceedings had in the probate court was filed in the Circuit Court of Jefferson County on January 24, 1950.

There appears to be a conflict in the record as to the time of filing by the claimant of his initial appearance in the circuit court. The record before us shows, on the one hand, that, on May 2, 1950, he filed in the circuit court an instrument entitled "objection to trial by jury". The notation of such filing, which appears in the record immediately following the instrument, is as follows: "Filed in open court May 2nd, 1950". The claimant insists that it was filed on May 3, 1950, after he had filed, on the same day, his "objections to trial and motion for discontinuance"; that the judgment entry and other record proceedings show this to be the true situation. The notation of filing said objections and motion, which appears in the record immediately following said instrument, is as follows: "Filed in open court May 3rd, 1950". The judgment entry recites as follows:

"On this the 3rd day of May, 1950, this cause being reached on the docket and called for trial, came the parties by their attorneys, and J. Roy Clary by separate paper files motion to discontinue the appeal of this cause, and said motion is by the court heard and considered, whereupon,

"It is ordered and adjudged by the court that said motion be and the same is hereby overruled and movant excepts; claimant by separate paper files objection to jury trial; claimant refiles claim originally filed in the Probate Court; the objection of claimant

to jury trial is by the court heard and considered, whereupon,

"It is ordered and adjudged by the court that said objection be and the same is hereby sustained and said demand for jury is stricken and the objector or contestant excepts. * * "

The transcript of the proceedings, duly certified by the court reporter as required by Act No. 461, approved July 12, 1943, abolishing bills of exceptions in certain courts, Gen.Acts 1943, p. 423; Code 1940, Tit. 7, § 827(1), Pocket Part, shows that the "cause came on to be heard * * * on the 3rd day of May, 1950." The transcript also includes the following statement made by the court on May 4, 1950:

"The Court: This cause was assigned to Division No. 4 on May 3, 1950 at approximately 3 o'clock P.M. and the Court indicated at that time that it desired to select a jury in as much as a number of the jurors would be excused who were not needed since there were no other civil cases to be tried.

"In attempting to get to the case at issue, and before the selection of the jury, the Court entered on its bench notes, under date of May 3, 1950, 'Claimant refiles claim originally filed in Probate Court'. Before any formal answer was filed by the objector, counsel for the claimant indicated he desired to present, by motion, that the appeal was not properly presented to the Circuit Court. The Court then interlined the words on the bench notes as follows: 'Claimant refiled claim originally filed in Probate Court,' and noted the filing of the motion to discontinue or dismiss the appeal.

"Counsel for the claimant also indicated that he desired to file an objection to trial by jury and the Court entered this upon the bench notes, stating to counsel that the paper could be written and filed at a later date. The Court then proceeded to discuss and consider the merits of the two questions; that is, the question of the appeal being perfected and the merits of the objection to the jury trial.

"After a brief discussion the Court indicated that adverse rulings would be made to both contentions of the claimant and thereupon entered upon the bench notes, ruling to this effect: 'Exceptions taken by the claimant in each case.'"

There is nothing in the record to indicate that there was, in this case, any hearing of any kind in the circuit court prior to May 3, 1950.

The grounds in support of claimant's "objections to trial and motion for discontinuance," in effect, are (1) that no appeal was ever taken by the executor of the estate; that the only record indication of an appeal being taken was the signing by J. Vernon Cassels, in his individual capacity, of the "security for costs," set out above; and (2) that the said "security for costs" was defective, in that it was security only "for all costs in the circuit court," and not "security for the costs of such appeal," as required by Code 1940, Tit. 7, § 782; that the requirement that security be given "for the costs of such appeal" embraces security for *all costs* of the appeal and not just the costs in the circuit court; and that the giving of such security for costs goes to the jurisdiction of the circuit court.

In answer to this, the executor contends that the claimant submitted to the jurisdiction of the circuit court by filing therein, on May 2, 1949, his "objection to trial by jury"; that the filing of this instrument constituted a waiver of any alleged defect in taking the appeal.

Thus, there is presented at the threshold the question as to whether the circuit court acquired jurisdiction over the disputed claim.

## Conclusion.

■ We would prefer to decide this case on its merits, and not to have it determined by a ruling on a matter of procedure; but when a procedural question, determinative of a case, is properly presented, as here, we have no choice but to rest our decision on it. Our conclusion is that claimant's "objections to trial and motion for discontinuance" should have been sustained because of the failure to give security for costs of the appeal as required by Code 1940, Tit. 7, § 782; and for that reason the case is due to be reversed and rendered. This operates to prevent its consideration on the merits.

We will give the reasons for our conclusion.

In approaching the solution, we should keep in mind that the question involves an appeal from the probate court to the circuit court, under a special statutory provision, dealing with the specific subject of this proceeding. Code 1940, Tit. 61, § 216, as amended, supra; State v. Elliott, 246 Ala. 439, 21 So.2d 310. The right of the Supreme Court, under § 140 of the Constitution, to exercise "a general superintendence and control of inferior jurisdictions", is not involved. Nor do §§ 805 and 806, Tit. 7, Code 1940, which provide for amending defects in the taking of appeals to the Supreme Court and Court of Appeals, have application in this case.

■■ Before getting to a consideration of claimant's "objections to trial and motion for discontinuance," we must first dispose of the executor's contention that claimant waived whatever defect there might have been in taking the appeal. Our view is that the record does not show any action by the claimant which might have had the effect of giving the circuit court jurisdiction, assuming that that court could acquire jurisdiction, in a case such as this, in some manner other than that prescribed by the statute. As observed above, the executor contends that jurisdiction was acquired when the claimant filed his "objection to trial by jury". While it is true that the record shows its filing "in open court May 2d 1950," the record also shows we think conclusively, that it was filed on May 3, 1950, after consideration and ruling by the court on claimant's "objections to trial and motion for discontinuance". This is made clear by the judgment entry. It is to be noted that the trial judge affirmatively recognized that the "objection to trial by jury" was not filed prior to May 3, 1950, when he stated, on May 3rd, that "the paper could be written and filed at a later date". This certainly indicates that the *written* "objection to trial by jury" was not then in

existence, thus precluding, we think, its filing prior to May 3, 1950. Also, the fact that the record does not disclose a hearing of any kind in the circuit court prior to May 3, 1950, would seem to preclude the filing, "in open court," of the objection to trial by jury prior to that date.

Aside from the foregoing, our decisions support the view that, when there is a conflict between the judgment entry and other parts of the record proper, the judgment entry should prevail. So holding are the following Alabama cases: Stewart v. Keller, 197 Ala. 575, 576, 73 So. 89; Wahouma Drug Co. v. Clay, 193 Ala. 79, 83, 69 So. 82; Pacific Mutual Life Ins. Co. v. Shields, 182 Ala. 106, 111, 62 So. 71; Penry v. Dozier, 161 Ala. 292, 49 So. 909; Decatur, Chesapeake & New Orleans Rwy. Co. v. Crass, 97 Ala. 519, 522, 12 So. 43; General Accident Fire & Life Ins. Co. v. Shields, 9 Ala. App. 214, 219, 62 So. 400.

It is to be noted that the conflict here is between the record proper and the judgment entry, and not between a bill of exceptions and a judgment entry. This being true, our holding in this case is not in conflict with the conclusion of this Court in Alabama Gas Co. v. Jones, 244 Ala. 413, 415, 13 So.2d 873, and McDonald v. Jacobs, 77 Ala. 524, 526, which hold that when there is a conflict between the bill of exceptions and the judgment entry, matters which should and do appear in the bill of exceptions control.

We come now to consideration of claimant's "objections to trial and motion for discontinuance". We do not think there is any merit to his first insistence, that is, that the executor, as such, did nothing toward perfecting an appeal, since he did not sign, in his representative capacity, the proffered security for costs, nor did he execute or sign any other instrument indicating that an appeal was being taken. In this connection, we observe that Code 1940, Tit. 7, § 766, prescribes how appeals are to be shown, as follows:

"§ 766.(6101) Appeals, how shown.— Any appeal taken under the provisions of this chapter from the rendition of the judgment or decree, shall be shown in the following manner: (a) When no bond or security is required the filing of a written statement setting out the parties and court, signed by the party appealing or by his or her attorney of record that an appeal is taken from the judgment or decree in the case. (b) *By giving security for the costs of the appeal to be approved by the clerk or register, or court.* (c) By giving and having approved a supersedeas bond conditioned as required by law." (Emphasis supplied.)

It is provided, also, in Code 1940, Tit. 7, § 782, which is applicable here, that:

"In all other cases in which an appeal is taken under the provisions of this article, *the appellant, or some one for him, must give security for the costs of such appeal, * * *.*" (Emphasis supplied.)

While, no doubt, the better practice would be for an executor, as principal, to sign the security for costs in his representative capacity, his failure so to do would not of itself be fatal to the appeal. This has been held consistently by this Court. Federal Land Bank v. Southmont Mfg. Co., 219 Ala. 447, 448, 122 So. 426; Mancill v. Thomas, 216 Ala. 623, 624, 114 So. 223; Ory-Cohen v. Taylor, 208 Ala. 520, 521, 94 So. 525; Mayfield v. Court of County Com'rs Tuscaloosa County, 148 Ala. 548, 41 So. 932. This appears to be the prevailing view in other jurisdictions. Re Estate of Watkins, 114 Vt. 109, 41 A.2d 180, 157 A.L.R. 212, 218–219; 4 C.J.S., Appeal and Error, § 532, p. 988; 3 Am.Jur. Appeal and Error, § 496, p. 178; 3 C.J. § 1174, pp. 1129–1130; 2 R.C.L. § 90, p. 114.

It is to be noted, too, that the application for appeal, provided for in § 754, Tit. 7, has no reference to an appeal from the probate court to the circuit court.

We consider as significant, also, the provision in § 782, Tit. 7, for giving security for costs of appeal by the appellant, "or some one for him". As stated by Mr. Justice Stakely in the case of Smith v. Smith, 254 Ala. 404, 48 So.2d 546, 548:

"This section provides that the appeal be taken by the appellant or 'some one for him'. As pointed out this is

what the respondent did in the present instance."

█ █ We come now to claimant's contention that the circuit court never acquired jurisdiction due to the defective security for costs of appeal. As stated above, it is our view that the security for costs does not conform to the requirements of the statute. Code 1940, Tit. 7, § 782. There seems to be little or no room for argument that security for costs "in the circuit court" is not the same as "security for the costs of such appeal," which is prescribed by § 782. This means that security is required for *all* of the costs of appeal, including those incurred in the probate court, and not just the costs in the circuit court. Therefore, the security for costs given, limited as it is to the costs in the circuit court, clearly is not in compliance with the statute. "Appeals are of statutory origin and, unless so provided, no appeal will lie." Johnson v. Barnes, 250 Ala. 292, 34 So.2d 144, 145. The remedy by appeal "was entirely unknown to the common law. Consequently, the remedy by appeal in actions at law and in equity is purely of constitutional or statutory origin, and exists only when given by some constitutional or statutory provision, and the courts have no inherent authority with respect thereto." 4 C.J.S., Appeal and Error, § 18. The right of appeal is stated in Lewis v. Martin, 210 Ala. 401, 409, 98 So. 635, 642, to be as follows:

"An appeal is taken to an appellate court, not as a vested right, but by the grace of a statute * * * and must be perfected and prosecuted pursuant to the time and manner prescribed."

In DeVane v. Smith, 216 Ala. 177, 112 So. 837, it is stated as follows:

"Appeal is statutory, and the question is a jurisdictional one."

This Court, in speaking of appeals under § 782, Tit. 7, had this to say in Journequin v. Land, 235 Ala. 29, 177 So. 132, 133:

"Our statute requires that appellant 'give security for the costs of such appeal.' Section 6121, Code 1923 (Code 1940, Tit. 7, § 782). And our decisions are uniform to the effect that the appeal is only perfected when a good and sufficient security for costs of such appeal is filed."

█ Section 216, Tit. 61, as amended, supra, gives the right of appeal "within thirty days after the rendition of such judgment" in the probate court, the appeal being "to the circuit court of the county in which the administration of said estate is pending". We emphasize that no statute has been called to our attention, nor have we found any, which authorizes the amendment of a defective security for costs of appeal in such cases, after expiration of the thirty day period for taking an appeal. The Alabama cases which have come to our attention, approving the amendment of defective security for costs, seem to be based on constitutional or statutory provisions authorizing such amendments, as for example: (a) Section 140, Constitution, which relates to the "general superintendence and control of inferior jurisdictions" by the Supreme Court,—Murphy v. Freeman, 220 Ala. 634, 127 So. 199, 70 A.L.R. 381; (b) Code 1940, Tit. 7, sections 805, 806, authorizing amendments of appeals to the Supreme Court and Court of Appeals; (c) Code 1940, Tit. 11, section 59, which requires a non-resident to give security for costs when the suit is commenced, "or within such time thereafter as the court may direct"; (d) Code 1940, Tit. 13, section 483, which provides that no appeal from a justice of the peace court shall be dismissed for any defect in the appeal bond, if the party is willing to execute a sufficient bond. There is no similar remedial statute applicable to the case now before us.

█ It is our view, as indicated above, that the giving of the security for costs as prescribed by section 782, Tit. 7, went to the jurisdiction of the circuit court, and that appellant's "objections to trial and motion for discontinuance," filed in the circuit court, should have been sustained. An order sustaining said objections and motion is due to be entered here. It is so ordered.

Reversed and rendered.

LIVINGSTON, C. J., and FOSTER and SIMPSON, JJ., concur.