92 So.2d 901

Arthur T. WILKERSON, Executor, Estate of
George Hiram Wilkerson, Deceased,

v.

Leo D. HAGAN.

1 Div. 645.

Supreme Court of Alabama.

Feb. 21, 1957

---

Jas. E. Moore and Wm. D. Bolling, Mobile, for appellant.

Holberg, Tully & Aldridge, and Albert J. Tully, Mobile, for appellee.

516

COLEMAN, Justice.

The proceedings on which this appeal is taken occurred in the Probate Court and Circuit Court of Mobile County.

Appellant is executor of an estate being administered in the probate court. Appellee filed a claim against that estate. Under § 216 of Title 61, Code 1940, as amended by act approved July 1, 1943, appellant gave notice that the claim filed by appellee against said estate is disputed in whole, and made application to the probate court to hear and pass on the validity of appellee's claim.

On March 16, 1955, the probate court entered an order holding the claim valid in part, and invalid as to the remainder.

On April 15, 1955, appellant (executor) filed in the probate court a notice of appeal to the circuit court.

On April 19, 1955, appellant filed in the probate court an instrument purporting to be security for costs of the appeal. There is argument as to whether or not this instrument constituted a proper bond; but, for convenience, it will be hereinafter referred to as the appeal bond on the appeal from the probate court to circuit court.

Appellee filed a motion in the circuit court to dismiss the appeal in that court. The motion specifies several grounds. One ground is that the appeal bond mentioned above was filed more than thirty days after the rendition of the judgment appealed from. Because this decision rests on that ground, we pretermit consideration of the other grounds of the motion.

The circuit court granted the motion and dismissed the appeal. From that order or judgment of the circuit court, the appellant-executor has appealed to the Supreme Court.

The appellee has filed a motion in the Supreme Court to dismiss the appeal on the ground that the order of the circuit court dismissing appellant's appeal from probate court is not such judgment or decree as will support an appeal to the Supreme Court.

The case was submitted here on appellee's motion to dismiss and on the merits.

Motion to Dismiss Appeal

Appellee's argument appears to suggest two reasons why the motion to dismiss ought to be granted.

One reason suggests that appeal is not the proper remedy for review, and that perhaps mandamus is.

" * * * In Ex parte Adams, 216 Ala. 241, 242, 113 So. 235, 236, Chief Justice Anderson, writing for the court, said:

" 'It seems from the former decisions of this court that, when a cause is dismissed or stricken from the docket without more, it is not such a final judgment as will support an appeal. Ex parte (State ex rel.) Attorney General, 142 Ala. 87, 38 So. 835, 110 Am. St.Rep. 20; Davis v. McColloch, 191 Ala. 520, 67 So. 701. It seems, however, that, where the dismissal is followed up by a judgment in favor of defendant against the plaintiff for the

cost, it is such a judgment as will support an appeal, and mandamus is not the proper remedy to revise the action of the trial court. Ex parte Hendree, 49 Ala. 360. * * *.'" Dorrough v. McKee, 264 Ala. 663, 89 So.2d 77, 80.

In the instant case, in the judgment appealed from, the circuit court granted the motion to dismiss in that court, and taxed costs against appellant, "for the recovery of which let execution issue."

In this case, appeal and not mandamus appears to be the proper remedy for review.

Appellee's second reason supporting the motion to dismiss here is stated in brief as follows:

"The court below not having acquired jurisdiction in the premises, any judgment rendered or order taken will not support an appeal."

Opposing appellee's contention are the following statements:

"In that case [Craig v. Root, 247 Ala. 479(12), 25 So.2d 147] the trial court did not acquire jurisdiction of the subject matter. *Since the court did not acquire jurisdiction, it had no power to render any judgment except to dismiss the proceeding.* * * *" (Emphasis supplied.) State v. Pollock, 251 Ala. 603, 38 So.2d 870, 873, 7 A.L. R.2d 757.

"There is no feature of the judgment which is sufficient to support an appeal. If it were a final judgment dismissing the cause it would be sufficient to that end. Ex parte Hendree, 49 Ala. 360. * * *" Townsend v. McCall, 262 Ala. 235, 78 So.2d 310, 311.

Finley v. Jenkins, 264 Ala. 536, 88 So.2d 329, 330, is in point. In that case, suit began in the Intermediate Civil Court of Birmingham. Defendant filed motion to dismiss because the amount sued for was below jurisdiction of that court. The Intermediate Court granted the motion, dismissed the cause, and taxed plaintiff with costs.

Plaintiff applied to circuit court for mandamus. Demurrer to petition was sustained and plaintiff appealed to Supreme Court.

This court determined that mandamus as sought by plaintiff was not the proper remedy and said:

"* * * here there was a final judgment of the Intermediate Civil Court of Birmingham. That court determined that it had no jurisdiction as it had a right to do. Crump v. Knight, 256 Ala. 601, 56 So.2d 625. This finding constitutes a valid judgment and therefore will support an appeal. The plaintiff therefore had a clear and adequate remedy by appeal to the circuit court."

In the instant case, appeal and not mandamus is the proper remedy, and the motion to dismiss is overruled.

### On the Merits

Appellant assigns as error that the circuit court erred in its decree granting appellee's motion to dismiss in that court, on the several grounds stated in that motion.

As we understand appellant's argument, the question to be decided is:

Does § 216 of Title 61, Code 1940, as amended in 1943, require a party to give security for costs as provided by § 782 of Title 7, Code 1940, when that party appeals to the circuit court from the judgment of the probate court, in a proceeding initiated in and determined by the probate court under said § 216, to determine the validity of a claim filed against an estate being administered in the probate court?

We answer that question in the affirmative. In such appeal, security for costs is required.

The record shows that the appeal bond was filed in the probate court more than

thirty days after the judgment appealed from was rendered.

§ 216, Title 61, Code 1940, recites in part:

"* * * If the judgment on any such claim is rendered by a probate court, either party may *within thirty days* after the rendition of such judgment appeal to the circuit court of the county in which the administration of said estate is pending, * * *." (Emphasis supplied.)

In Clary v. Cassels, 258 Ala. 183, 61 So. 2d 692, 697 this court said:

"It is provided, also, in Code 1940, Tit. 7, § 782, *which is applicable here,* that:" (Emphasis supplied.)

" 'In all other cases in which an appeal is taken under the provisions of this article, *the appellant, or some one for him, must give security for the costs of such appeal,* * * *' (Emphasis supplied.)"

In that case, this court held that the security for costs was defective, and that giving security for costs as prescribed by § 782, Title 7, Code 1940, went to the jurisdiction of the circuit court.

■ Appellant argues that the appeal from probate court to circuit court in this case is "governed" by § 216 of Title 61, Code 1940, and not by § 782 of Title 7, Code 1940.

That is correct as to the particular elements of such appeal mentioned in and limited by § 216 of Title 61, Code 1940, some elements being: Time for taking such appeal, trial de novo, trial by jury, and court to which appeal may be taken.

As to particulars not specified, this court held in Clary v. Cassels, supra, that the appeal is governed by the general statutes. § 782 of Title 7, Code 1940, is one such general statute. If we cannot look to the general statutes, then the courts would be without rules for guidance or control as to particulars of appellate procedure which are not specifically set out in § 216.

State v. Elliott, 246 Ala. 439, 21 So.2d 310, is authority that the provisions of § 216 govern in the particular matters therein specified. In that case, attempt was made to appeal directly to the Supreme Court in a proceeding under § 216, which particularly specifies that appeal from probate court shall be to the circuit court.

With commendable candor, appellant states in brief that Clary v. Cassels, supra, must be reconsidered if appellant is to prevail. We have considered the Clary case in the light of appellant's argument.

Appellant argues that by the 1943 act, the legislature intended to eliminate the requirement of security for costs in appeal from probate court under that section, by the personal representative of a solvent estate; this because the amended statute omits the words, "* * * such appeal to be made in the manner provided by law for appeals from the court in which such estate is being administered."

A reading of the former statute shows that when the omitted words were there employed, reference was to appeals from the circuit court and also to appeals from the probate court, in either of which courts the administration of the estate may have been pending.

In the amended statute, one sentence provides for appeals from the probate court when the administration is there. A separate sentence provides for appeals from the circuit court when the administration is there.

"It is a cardinal rule of statutory construction that the legislative intent is of the essence of the law, and, in finding the legislative intent, courts look to the previous state of the law and defects intended to be remedied. * * *" Watson v. Clayton, 230 Ala. 59, 159 So. 481, 482.

Looking to the history of § 216 of Title 61, Section 8971, Code 1923, as disclosed by

legislative acts and cases construing them, we find:

"Section 8971, supra, prior to amendment being only a statute of limitations, did not confer any right to a jury trial which did not otherwise exist. The amendment took it out of its category as a statute of limitations, and the Code of 1940 placed in the title on 'Wills and Administration,' Title 61, section 216, Code of 1940, and conferred jurisdiction on the judge of probate (or of an equity court) to pass on the validity of the claim on the written application of the personal representative or claimant. * * *

"With respect to insolvent estates the statute provides that objections to claims must be tried in that court as in actions at law. Title 61, section 407, Code of 1940. This court held that such provisions confer a right to a jury trial in that court when demanded. * * * But by the statute now under consideration (Title 61, section 216, Code of 1940), the judge of the court hears and passes on the claim." Tillery v. Commercial Nat. Bank of Anniston, 241 Ala. 653, 4 So.2d 125, 127, decided in 1941.

Thus, it appears that prior to the 1943 act, § 216 of Title 61 did not provide for jury trial in proceedings under that statute. The act of 1943 which now appears in Pocket Part, Code of 1940, as § 216 of Title 61, provides for jury trial in the circuit court upon timely demand of either party. From its language and history, a fair conclusion is that by the 1943 act, the legislature intended to guarantee an opportunity for trial by jury in proceedings under that statute to determine validity of disputed claims against a solvent estate.

Our conclusion is that the language and history of the 1943 act do not disclose a legislative intent to provide for appeals from probate court to circuit court without security for costs, in proceedings under that statute.

At least two instances appear in the Code where appeals are permitted without security for costs.

One instance is § 786 of Title 7, permitting a guardian ad litem to appeal without such security, and another instance is § 799 of the same title permitting appeals in certain cases by married women without security for costs.

In both those instances, the statute spells out the exemption. We do not find such an exemption spelled out in § 216 of Title 61, as amended.

The judgment of the circuit court appealed from is correct and is affirmed.

Motion to dismiss overruled. Judgment affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.