105 So.2d 61

Peggy Jean Guy EVANS, Adm'x

v.

Doris GUY.

6 Div. 254.

Supreme Court of Alabama.

Sept. 11, 1958.

Morel Montgomery, Birmingham, for appellant.

Rogers, Howard & Redden, Birmingham, for appellee.

LAWSON, Justice.

This is an appeal from the Probate Court of Jefferson County.

Roscoe J. Guy died intestate on May 23, 1957. Letters of administration were issued by the Probate Court of Jefferson County on May 29, 1957, to the deceased's daughter, Mrs. Peggy Jean Guy Evans.

On August 13, 1957, Doris Guy, who had been divorced from Roscoe J. Guy on October 18, 1956, filed her petition wherein she alleged that the divorce decree required Roscoe J. Guy, in full settlement of any and all claims for alimony, to pay certain indebtedness owed on certain property and awarded said property to petitioner as full and final settlement of all of her claim for alimony; and that the administratrix "has failed and refused to comply with the terms of the divorce decree of October 18, 1956, and as a result of such failure or refusal on the part of the administratrix of said estate that petitioner is about to lose all of the property conveyed by the deceased Roscoe J. Guy to petitioner in compliance with said decree above mentioned." In pertinent parts the petition prayed: "* * * that the Court will determine whether or not the Estate of the said Roscoe J. Guy is liable for the indebtedness owed under the terms of the said divorce decree heretofore mentioned and described, and that said Court will enter an order requiring the Administratrix to pay the monies due under said decree above mentioned."

Sometime thereafter, the exact date not appearing, the administratrix through her attorney filed her "Answer to Petition for Construction," wherein she moved that the petition of Doris Guy be dismissed on the ground that the probate court was without jurisdiction. Without waiving her motion to dismiss, the administratrix denied the correctness of the claim of Mrs. Doris Guy.

On October 3, 1957, the Probate Court made an "order" wherein it ordered, adjudged and decreed that:

"A. Said motion to strike and dismiss the petition is overruled.

"1. The claim of Doris Guy for the balance due on the indebtedness owing on the said automobile and house and lot are hereby allowed.

"2. The Administratrix of the Estate of Roscoe J. Guy, deceased, is hereby ordered to pay to the First National Bank of Birmingham the sum of Forty Four Hundred Thirty & 26/100 ($4,430.26) Dollars, as the balance due on a real estate mortgage owing to the said First National Bank of Birmingham on the said house and lot which the decree of the Circuit Court in Equity ordered the respondent in that case to convey to the petitioner, and the further sum of Three Hundred Seventy Two ($372) Dollars, being the balance due on the Chevrolet Automobile which the said decree of the Circuit Court in Equity ordered the respondent, Roscoe J. Guy, to convey to the petitioner."

From that "order" an appeal was taken to this court on November 20, 1957.

In our opinion the "order" of October 3, 1957, must be treated as a judgment rendered on a disputed claim against a solvent estate as provided in § 216, Title 61, Code 1940, as amended. Hence, the appeal was taken too late and to the wrong court. It should have been taken within thirty days after the rendition of the judgment and to the Circuit Court of Jefferson County. § 216, Title 61, Code 1940, as amended; State v. Elliott, 246 Ala. 439, 21 So.2d 310; Clary v. Cassels, 258 Ala. 183, 61 So.2d 692.

We are without jurisdiction and the point must be taken by this court *ex mero motu* and the appeal must be dismissed. Holt v. City of Birmingham, 237 Ala. 196, 186 So. 549.

Appeal dismissed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.