CRAWLEY, Judge.
This is an appeal from an involuntary commitment proceeding commenced pursuant to Ala.Code 1975, § 22-52-1 et seq.
The probate court entered a judgment finding Mrs. Sarah Travis mentally ill and ordering her to undergo outpatient treatment at a state mental health facility pursuant to Ala.Code 1975, § 22-52-10.3. This section allows the involuntary commitment for outpatient treatment by a designated mental health facility. She was represented by a guardian ad litem in the probate court. She appealed the judgment of the probate court to the circuit court. The circuit court, without conducting a trial de novo, affirmed, stating:
“This case is before the court by appeal of the order of the Probate Court of Morgan County of August 2, 1994. This appeal is pursuant to § 12-22-20 of the Alabama Code. The appeal is not for trial de novo, it is for review of the proceedings of the Probate Court.
“This court has read the file in this case, both the Probate Court file and this court’s file. This court has also listened to the tape recording of the proceeding below.
“The appellant filed this appeal pro se. No guardian ad litem has been appointed to represent the appellant in this court because no hearing is required and no argument is needed. Only the review of the proceedings below is necessary and appropriate for this appeal.
“Upon consideration of the files and records (including the tape recording of the proceedings below), the court is of the opinion that the proceedings below were in all respects proper; that the judgment of the Probate Court is fully supported by the evidence, and that the order of the Probate Court is in all respects appropriate. ...”
(Emphasis added.)
An appeal from a probate court based on § 12-22-20, Ala.Code 1975, does not allow a trial de novo in the circuit court. Prestwood v. Prestwood, 395 So.2d 8 (Ala.1981). However, the provisions of that section are general and do not apply where the Legislature has adopted special provisions to govern specific classes of cases. Herring v. Griffin, 211 Ala. 225, 100 So. 202 (1924), states:
“‘Special provisions relating to specific subjects control general provisions relating to general subjects. The things specially treated will be considered as exceptions to the general provisions.’ ”
211 Ala. at 226, 100 So. at 203 (quoting earlier cases).
Section 22-52-15, Ala.Code 1975, was passed to govern a specific class of appeals— appeals from proceedings committing persons to mental health facilities. That section provides:
“An appeal from an order of the probate court granting a petition seeking to commit a respondent to the custody of the department or designated mental health facility as the court may order lies to the circuit court for trial de novo unless the probate judge who granted the petition was learned in the law, in which ease the appeal lies to the Alabama court of civil appeals on the record.”
(Emphasis added.)
We find that § 22-52-15, rather than § 12-22-20, governs Travis’s appeal from the probate court to the circuit court.
Unless the probate judge was “learned in the law,” Mrs. Travis was entitled to a trial de novo in the circuit court. A person “learned in the law” is one admitted as a *907 member of the Bar of Alabama or entitled to be admitted without further examination, Opinion of the Justices No. 186, 279 Ala. 38, 181 So.2d 105 (1965).
Upon our earlier remand to the circuit court for a determination of whether the probate judge was learned in the law, the circuit court answered that he was not.
The judgment of the circuit court, holding that Travis’s appeal from the probate court order requiring her to undergo outpatient treatment at a state mental health facility was “not for trial de novo,” is reversed with instructions that the circuit court conduct a trial de novo pursuant to § 22-52-15, Ala. Code 1975, and appoint a guardian ad litem pursuant to §§ 22-52-4(a) and -15, Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.