BRYAN, Judge.
Norma Hines (“Norma”), Tiffany Hines (“Tiffany”), and Teiona Hines (“Teiona”) appeal from two judgments of the Fayette Probate Court (“the probate court”) in the administration of the estate of Jimmy Ray Enis. We dismiss the appeal with respect to one of those judgments because we lack jurisdiction, and we reverse the other judgment and remand the cause to the probate court.
Norma is the former wife of Jimmy Ray Enis (“the decedent”), who died testate on December 22, 2006. Tiffany and Teiona are two of the decedent’s four surviving children. Three of those four children, Tiffany, Teiona, and Jimmy Enis (“Jimmy”), are adults, and one of them, Tray Enis (“Tray”), is a minor.
The decedent’s will named Gloria Enis (“the executrix”), a sister of the decedent, as his executrix and devised all his property to her. On December 27, 2007, the executrix petitioned the probate court to admit the decedent’s will to probate and to issue her letters testamentary.
On February 28, 2008, Tiffany and Teio-na petitioned the probate court to determine that all four of the decedent’s surviving children were entitled to the personal-property exemption provided for by § 43-8-111, Ala.Code 1975. On March 12, 2008, Norma filed a claim against the decedent’s estate for unpaid child support in the amount of $15,000, which the decedent had allegedly owed her when he died. Norma subsequently amended her claim to change the amount she was claiming from $15,000 to $14,215.92. On February 19, 2009, .the probate court held a hearing regarding Norma’s claim against the estate and Tiffany and Teiona’s petition. On March 10, 2009, the probate court entered a judgment determining that the estate owed Norma $12,213.81. That same day, the probate court entered a separate judgment in which it determined that the decedent’s minor child, Tray, was entitled to the entire personal-property exemption provided for by § 43-8-111 because Tiffany, Teiona, and Jimmy were neither minors nor had been dependent on the decedent for support.
On April 14, 2009, Norma, Tiffany, and Teiona together filed a single notice of appeal appealing from those judgments to the supreme court. Thereafter, the supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
As a threshold matter, the executrix asserts that this court lacks jurisdiction over Norma’s appeal from the judgment regarding her claim against the estate. We agree. Appeals from judgments adjudicating the claims of creditors against a decedent’s estate are governed by a specific statute, § 43-2-354, Ala. Code 1975, rather than the statutes governing appeals from judgments of probate *1166 courts generally, i.e., §§ 12-22-20 and 12-22-21, Ala.Code 1975. Section 43-2-354 provides, in pertinent part:
“If the judgment on [a claim against a decedent’s estate] is rendered by a probate court, either party may, within 30 days after the rendition of such judgment, appeal to the circuit court of the county in which the administration of said estate is pending, and the trial of the validity of said claim in said circuit court shall be de novo....”
(Emphasis added.) In State v. Elliott, 246 Ala. 439, 21 So.2d 310 (1945), the Alabama Supreme Court considered the issue whether it had jurisdiction over an appeal from a judgment rendered by a probate court adjudicating a creditor’s claim against a decedent’s estate. Holding that it lacked jurisdiction over the appeal, the supreme court explained:
“The proceedings giving rise to the appeal were transacted in the probate court under authority of Act No. 324, General Acts 1943, page 308, Code 1940, Tit. 61 § 216, providing for the determination of the validity of disputed claims filed against solvent estates.
“This act is an amendment of § 216, Title 61, Code of 1940, and provides that from a judgment rendered by a probate court declaring as to the validity of such disputed claim ‘either party may within thirty days after rendition of such judgment appeal to the circuit court of the county in which the administration of said estate is pending, and the trial of the validity of said claim in said circuit court shall be de novo and upon demand, of either party, filed in the circuit court within thirty days from the taking of said appeal shall be tried by a jury.’
“The appeal in the instant case has been presented directly to this court and, of consequence, the motion to dismiss must prevail.
“It is true the judgment is a final one and doubtless, in the absence of any special provision, an appeal therefrom would be influenced by such general provisions, authorizing appeals either to the Supreme Court or circuit court from final judgments, orders and decrees of the probate court, as §§ 775 and 776, Title 7, Code 1940.
“These latter sections are general, however, while the statute concerning appeals of the kind here under consideration is a special provision, dealing with this specific subject, and is construed as an exception to the general law. In such a case the general yields to the special and the exception controls. Downing v. City of Russellville, 241 Ala. 494, 503(15), 3 So.2d 34 [ (1941) ]; Herring v. Griffin, 211 Ala. 225, 100 So. 202 [ (1924) ]; City of Birmingham v. Southern Express Co., 164 Ala. 529, 538, 51 So. 159 [ (1909) ].”
246 Ala. at 440-41, 21 So.2d at 310-11.
The pertinent language of § 43-2-354 is, in all material respects, identical to the language of the statute that controlled the supreme court’s decision in State v. Elliott. Accordingly, we conclude that we do not have jurisdiction over Norma’s appeal from the judgment regarding her claim against the decedent’s estate. See § 43-2-354 and State v. Elliott. Therefore, we dismiss the appeal from that judgment.
However, we conclude that we do have jurisdiction over Tiffany and Teiona’s appeal from the judgment determining that Tray was entitled to the entire personal-property exemption provided for by § 43-8-111 because it is an appeal from a final judgment of a probate court governed by § 12-22-20.[1] Cf. Rogers v. McLeskey, *1167 225 Ala. 148, 149, 142 So. 526, 527 (1932) (holding that judgment of probate court dismissing petition to set aside widow’s homestead exemption was final judgment appealable pursuant to the predecessor of § 12-22-20).
Tiffany and Teiona argue that the probate court erred in determining that Tray was entitled to the entire personal-property exemption provided for by § 43-8-111 because, they say, the plain language of the statute indicates that, if the decedent is not survived by a spouse, all the decedent’s children are jointly entitled to the personal-property exemption regardless of whether they are minors or whether they had been dependent on the decedent. Because this issue involves the application of § 43-8-111 to undisputed facts, we review the probate court’s judgment determining that Tray was entitled to the entire personal-property exemption de novo. See State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 810 (Ala.2005).
“The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”
IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992) (emphasis added).
Section 43-8-111 provides:
“If the decedent was domiciled in this state at the time of death the surviving spouse is entitled to receive, in addition to the homestead allowance, property of a value not exceeding $3,500.00 in excess of any security interests therein in household furniture, automobiles, furnishings, appliances and personal effects. If there is no surviving spouse, children of the decedent are entitled jointly to the same value. If encumbered chattels are selected and if the value in excess of security interests, plus that of other exempt property, is less than $3,500.00, or if there is not $3,500.00 worth of exempt property in the estate, the spouse or children are entitled to other assets of the estate, if any, to the extent necessary to make up the $3,500.00 value. Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate, except that the right to any assets to make up a deficiency of exempt property shall abate as necessary to permit prior payment of homestead allowance and family allowance. These rights are in addition to any benefit or share passing to the surviving spouse or children by the will of the decedent unless otherwise provided, by intestate succession, or by way of elective share.”
(Emphasis added.)
The language of § 43-8-111 does not purport to restrict the children who are entitled to share in the personal-property exemption to minor children or to children who were dependent on the decedent. Moreover, we note that the plain language *1168 of § 43-8-110, Ala.Code 1975, which provides for a homestead exemption, and the plain language of § 43-8-112, which provides for a family allowance, do place restrictions on the children who may share in those allowances. Section 43-8-110(a) states, in pertinent part, that, “[i]f there is no surviving spouse, each minor child and each dependent child of the decedent is entitled to a homestead allowance amounting to $6,000.00 divided by the number of minor and dependent children of the decedent,” while § 43-8-112 states, in pertinent part, that “the surviving spouse and minor children whom the decedent was obligated to support and children who were in fact being supported by him ” are entitled to the family allowance. (Emphasis added.)
Accordingly, because the plain language of § 43-8-111 indicates that all the decedent’s children are entitled to share in the personal-property exemption regardless of whether they are minors or whether they were dependent on the decedent, we reverse the judgment of the probate court determining that Tray was entitled to the entire personal-property exemption, and we remand the cause for further proceedings consistent with this opinion.
Norma, Tiffany, and Teiona’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED IN PART; JUDGMENT AS TO PERSONAL-PROPERTY EXEMPTION REVERSED; AND CASE REMANDED.
THOMPSON. P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Section 12-22-20 provides:
"An appeal lies to the circuit court or the *1167 Supreme Court from any final decree of the probate court, or from any final judgment, order or decree of the probate judge; and, in all cases where it may of right be done, the appellate court shall render such decree, order or judgment as the probate court ought to have rendered.”
(Emphasis added.)