(75 South. 472)

CARPENTER et al. v. CARPENTER.
(1 Div. 987.)

(Supreme Court of Alabama. April 26, 1917.
Rehearing Denied May 24, 1917.)

1. COURTS ☞475(2, 3) — JURISDICTION—ADMINISTRATION OF ESTATES—STATUTE.

Gen. Acts 1911, p. 574, as amended by Gen. Acts 1915, p. 738, providing for removal of administration of estates from probate court, does not give the chancery court jurisdiction regarding final settlement of estates, where probate court has actually entered upon the exercise of its jurisdiction, and much less after a final decree has been entered in that court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1231–1234, 1250–1259.]

2. EXECUTORS AND ADMINISTRATORS ☞516(3) —OPENING SETTLEMENT—STATUTE—"WITHOUT ANY FAULT OR NEGLECT."

An administrator was not "without any fault or neglect," within the meaning of Code 1907, § 3914, providing for chancery jurisdiction in case of errors occurring in settlement of estates, where he failed to comply with sections 2676, 2677, relating to keeping and filing of accounts, compliance with which would have protected him in his final settlement regarding which equity jurisdiction was sought.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2207.]

3. INFANTS ☞46—AGREEMENT BETWEEN MINOR HEIRS.

Infant heirs and distributees are incapable of binding themselves by agreement to keep the estate together.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 98, 101–108, 110.]

Appeal from Chancery Court, Washington County; Thomas H. Smith, Chancellor.

Bill by J. C. Carpenter, administrator of the estate of W. J. Carpenter, against Lucy Carpenter and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Granade & Granade, of Chatom, for appellants. Joe M. Pelham, Jr., of Chatom, and Armbrecht, McMillan & Caffey, of Mobile, for appellee.

McCLELLAN, J. It appears from the face of the original bill, filed by J. C. Carpenter, as administrator of the estate of W. J. Carpenter, deceased, that the complainant moved the probate court of Washington county to entertain jurisdiction of the final settlement of the estate, and that the probate court exercised the jurisdiction thereby invoked, and had a hearing upon the correctness of the account filed for final settlement by the administrator: his account being there appropriately contested by adult and infant heirs and distributees of the estate. The original bill seeks the removal of the estate into the court of equity upon the averred ground that the administrator had, prior to the filing of his account for final settlement in the probate court, expended funds belonging to the estate to the benefit and advantage of the widow and minor heirs or distributees, but that no separate account thereof, as against the widow and heirs or distributees, respec-tively, was kept, and avers that "it is now impossible to ascertain what proportion of such accounts so advanced and paid should be charged to the different heirs above mentioned, and to obtain vouchers therefor." In apparent accord with the prayer of the original bill, the chancellor made this order three days after he had affirmed, on inspection, the equity of the bill, and decreed "that the administration of the estate of William J. Carpenter, deceased," should be removed into the court of equity:

"Complainant having presented his bill of complaint, and moving that a temporary injunction be ordered, having read and considered the bill of complaint, I am of the opinion that the injunction as prayed for should be issued. You are therefore ordered and directed to issue an injunction upon applicant giving bond with surety in the sum of $43,019.67, being double the amount of the judgment sought to be enjoined, payable to the defendant, who was the plaintiff recovering said judgment against the complainant in this bill, and approved by you, and conditioned on the dissolution of such injunction to pay the amount of the judgment enjoined with interest, and also such damages and costs as may be decreed against him. July 20, 1915."

[1] It is manifest that the jurisdiction of the probate court to entertain and enter upon the final settlement of the estate, being moved thereunto by the complainant himself, was called into exercise and was in fact exercised by the probate court, with the result that a judgment or decree was rendered by the probate court against the complainant on such final accounting. In these circumstances, neither the act approved April 21, 1911 (Gen. Acts 1911, p. 574), nor the amendatory act approved September 23, 1915 (Gen. Acts 1915, p. 738), authorized the assumption by the chancery court of jurisdiction in the premises; these acts not at all contemplating the ouster of the jurisdiction of probate courts, where that court has actually entered upon the exercise of its jurisdiction in and for a final settlement of estates, much less where the actual exercise of that jurisdiction had progressed to a final decree settling the final account.

[2] It may be, though it is very uncertain, that the complainant's purpose was to invoke the jurisdiction of the court of equity created by Code, § 3914, which provides, among other things, that:

"When any error of law or fact has occurred in the settlement of any estate of a decedent, to the injury of any party, *without any fault or neglect on his part*, such party may correct such error by bill in chancery, within two years after the final settlement thereof. * * *" (Italics supplied.)

The only fault, asserted in the bill as underlying the settlement in the probate court, is that the complainant, the administrator, was unable to secure appropriate credits against the individual shares of certain of the distributees for things furnished them out of the funds belonging to the estate. Code, § 2676, provides:

"When the estate of a decedent is solvent, the executor or administrator, out of the assets in his hands, may defray the necessary and reasonable expenses of maintaining and educating minors who are entitled to distribution therein, and who have no legal guardian; and upon any partial or final settlement by him the probate court must allow him credit for such expenses, to be charged against the shares of such minors, and deducted therefrom on any distribution of the estate."

In the same connection, Code, § 2677, provides:

"An executor or administrator, defraying such expenses, must file with his account for a settlement, a separate account of the amounts paid therefor on account of each of such minors, accompanied by proper vouchers, showing the amounts, and for what expended."

If this complainant (administrator) had observed the rule of the statute, it is manifest that for any expenditures made by him under the authority of these statutes he would have been abundantly able to afford a basis for and right to the credits and also to the charges against the individual shares of the distributees who had received the benefits of such expenditures. A proper observance of his duty in the premises would have protected him in the final settlement in the probate court. Having failed to perform his plain duty in that regard, it cannot be said that he is "without any fault or neglect" in respect of the condition against which he would be relieved by the court of equity, even if it should be assumed that this condition disclosed was an "error of law or fact" within the purview of the statute (section 3914). A satisfactory interpretation of the system established by this statute is found in Otis v. Dargan, 53 Ala. 178, 183, 184; also the annotations of the statute.

[3] The averment that the complainant is advised that the proceeding he invoked in the probate court was not a final settlement, because the estate was not ripe for final settlement of its administration, is affirmatively contradicted by the averments of the bill, as well as by the allegations of complainant's participation in the hearing in which he was the actor. The assertion in his affidavit, filed along with his account for final settlement in the probate court, that the heirs and distributees had made an agreement to keep the estate together was a vain announcement, since several of them were infants, and hence incapable in their own right of binding themselves by such an agreement. It is not even suggested—if, indeed, that would have made any particular difference—that the Probate Court had, as it may do in the circumstances defined in Code, § 2743 et seq., ordered the estate kept together.

The bill is without equity, and the demurrer thereto was erroneously overruled.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.