169 So. 698

**MOBBS v. SCOTT.**

8 Div. 677.

Supreme Court of Alabama.

June 11, 1936.

Rehearing Denied Oct. 8, 1936.

Street & Bradford, of Guntersville, and ·Thos. E. Orr, of Albertville, for appellant.

H. G. Bailey, of Boaz, for appellee.

BROWN, Justice.

On the petition of appellant, verified by oath, filed on the 17th day of May, 1934, the circuit court ordered the removal of the administration of the estate of Zora T. Scott from the probate court to the circuit court, in equity, for further administration and final settlement.

There is an absence of averment in the petition showing that the probate court had not assumed jurisdiction and was proceeding to a final settlement of said estate when the petition of appellant was filed.

On June 5, 1934, the appellee filed an answer to said petition questioning the jurisdiction of the circuit court to proceed, alleging that at the time the same was filed and said order removing said administration was made, the probate court had assumed jurisdiction to bring said estate to a final settlement, and proceedings to that end were then pending in the probate court, and moved that the order removing said administration be set aside and vacated.

The record of the probate court supporting the averments of said answer, the circuit court granted the motion, vacated the order of removal, and dismissed the petition. From that order the petitioner has appealed.

The petition appears to have been filed under section 6478 of the Code. It is settled that said statute "does not contemplate 'the ouster of the jurisdiction of the probate courts, where that court has actually entered upon the exercise of its jurisdiction in and for a final settlement of estates.' * * * The words 'at any time berore a final settlement,' found in the removal act, mean before proceedings for settlement begin, not before they are completed." Ex parte McLendon (Mealey v. Bartlett et al., etc.), 212 Ala. 403, 405, 102 So. 696, 698.

It appears from the record before us that the order removing the administration of the estate from the probate court to the circuit court, in equity, was improvidently granted. It follows therefore that the circuit court properly vacated the order of removal and dismissed the petition.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.