213 So.2d 230

Marcus B. WHITE, Administrator

v.

Charles K. HILBISH, d/b/a Tuscaloosa Plumbing and Heating Company.

6 Div. 461.

Supreme Court of Alabama.

July 18, 1968.

Witcher & Young, Birmingham, and Williams & McDuff, Tuscaloosa, for appellant.

McDuffie & Holcombe, Tuscaloosa, for appellee.

HARWOOD, Justice.

The proceedings below had their origin in the contest of a claim filed with the

Probate Court of Tuscaloosa County by Charles K. Hilbish, doing business as Tuscaloosa Plumbing and Heating Company, against the estate of L. B. White, deceased, Marcus B. White being administrator of said estate.

From this modest situation what at first appeared to be only a jurisprudential hillock has by motions, counter motions, and procedural steps, been raised into a jurisprudential Mount Everest necessitating a record of some 775 pages.

Letters of administration on the estate of L. B. White were granted to Marcus B. White on 1 February 1965, and he thereupon filed his bond as such administrator in the amount of $150,000 on 23 November 1965.

Charles K. Hilbish doing business as Tuscaloosa Plumbing and Heating Company, filed a claim against the White estate in the amount of $18,526.96. Other claims were also filed but it appears that several of these claims were adjusted or were not contested in the Probate Court.

On 22 November 1966, the administrator filed a contest of the Hilbish claim and requested a hearing thereon. After a hearing of the contest of the Hilbish claim, the Probate Court on 17 March 1966, entered an order finding that "Charles K. Hilbish, doing business as Tuscaloosa Plumbing and Heating Company, has a valid existing claim" in the amount of $16,331.21, and "Ordered, Adjudged, and Decreed * * * that the said Charles K. Hilbish, doing business as Tuscaloosa Plumbing and Heating Company have and recover the sum of $16,331.21 against the estate of L. B. White, deceased, and the said Marcus B. White, administrator of the estate of L. B. White, deceased, is hereby ordered and directed from the assets of the estate of L. B. White, deceased, to pay to the said Charles K. Hilbish, doing business as Tuscaloosa Plumbing and Heating Company, the sum of $16,331.21 for full satisfaction of said claim."

On 1 April 1966, the administrator filed notice of appeal to the Circuit Court of Tuscaloosa County from the judgment of the Probate Court on the Hilbish claim, and demanded a jury trial. No bond for costs was filed with the notice of appeal.

On 18 May 1966, the administrator filed a motion to vacate and set aside the judgment and decree on the Hilbish claim rendered on 17 March 1966. Five days later Hilbish filed a motion to strike the appellant's motion to vacate the decree on the Hilbish claim.

On 30 May 1966, the Probate Court denied the motion to set aside its judgment and decree allowing the Hilbish claim, and granted Hilbish's motion to strike the administrator's motion.

On 28 June 1966, the administrator gave notice of appeal from the decree overruling his motion to vacate and set aside the order allowing the Hilbish claim and on the same day filed a bond for costs of appeal to the Circuit Court. We note here that the bond filed on 28 June 1966, appears to be the only appeal bond filed though it is shown twice in the record. It is for Case #1618, Probate Court. This case relates to the contest of the Hilbish claim, and the motion to set aside the judgment of the Probate Court allowing the Hilbish claim bears the same number. Regardless, no appeal bond was filed until 28 June 1966.

On 7 July 1966, Hon. W. C. Warren, one of the judges of the Circuit Court for the Sixth Judicial Circuit entered an order removing the administration of the White estate to the Circuit Court in Equity.

On 17 August 1966, Hilbish filed a petition in the Circuit Court for an accounting and annual settlement by the administrator and this petition was granted on that day.

Thereafter the administrator on 20 October 1966, filed a report of his actions as administrator, and the court set a hearing on said report and accounting for 29 November 1966. In the meantime Hilbish

sought an order removing White as administrator.

On 29 November 1966, the hearing was had on the report and accounting of the administrator and the next day the Circuit Court entered a decree to the effect that the Hilbish claim was a valid claim and found it to be in the amount of $16,331.21, the same amount as fixed by the Probate Court.

On that same day the administrator filed a motion to set aside the Chancellor's decree of 29 November 1966, alleging that the court had without a hearing, and without any evidence being presented, summarily held the Hilbish claim to be a valid claim. It was further alleged in the motion that the issue of the Hilbish claim was not properly before the court since the issue of its validity was pending on appeal on the law side of the Circuit Court. In response to this motion, the court set a hearing on it for 24 January 1967.

The administrator then filed a motion that Judge Nicol recuse himself because he had declared his position to be that he would not disturb the finding of the Probate Court as to the Hilbish claim. This motion was overruled the day it was filed.

At the hearing on 24 January 1967, extensive evidence was presented as to the Hilbish claim, and this matter was tried de novo. Other matters were also presented at this hearing.

On 2 March 1967, the court issued its decree on the accounting of the administrator and the validity of the Hilbish claim, and found the claim to be $16,331.21, the same amount as found by the Probate Court. As evidenced by the certificate of appeal, it is from this decree that an appeal was had or attempted.

The court also found that the estate of L. B. White was solvent at the time of L. B. White's death, but that Marcus B. White, the administrator, had not administered the estate according to law, but illegally used assets of the estate to his own

use, and had not rendered a proper accounting. Notice of appeal was timely filed from this decree and order, and a supersedeas bond for $50,000 was filed. There then followed a number of proceedings relative to supersedeas bonds but these proceedings are not questioned on this appeal.

The above recital does not include various other motions filed in the court below, but we have included in such recital those motions which we deem pertinent to this review, and perhaps some matters only slightly pertinent.

As stated by counsel for appellant in brief:

"Appellant essentially seeks by this appeal to overturn a decision by the court below which allowed a $16,331.21 claim for extra work under a written contract which contained a provision that extra work would be paid for only upon written authorization, * * *" which appellant asserts was not obtained.

■ Reviews by an appellate court in civil cases are limited by the posture of an appeal as presented by the pleadings, procedure, evidence, assignments of error, and points adequately specified and argued in brief of counsel.

■ In the present case the order of the Probate Court allowing the Hilbish claim was entered on 17 March 1966, after a hearing on the contest of said claim and appeal from this order to the Circuit Court was attempted. This appeal was abortive because no appeal bond was filed within 30 days of the entry of the order appealed from. This defect went to the jurisdiction of the Circuit Court to entertain the appeal. See Wilkerson v. Hagan, 265 Ala. 515, 92 So.2d 901, holding to this effect with a full discussion of the applicable statutes.

■ The administrator-appellant did file, on 18 May 1966, a motion to set aside the Probate Court order of 17 March 1966.

This motion was denied on 30 May 1966, and notice of appeal to the Circuit Court from this ruling was given and an appeal bond was filed. However, this matter is in nowise alluded to in the decree of the Circuit Court herein appealed from, nor in brief of counsel for appellant other than a passing statement that such motion was filed and denied and that an appeal was taken to the Circuit Court from such order. The matter of the motion to set aside the decree of the Probate Court is therefore not before us.

Thus, the order of the Probate Court of 17 March 1966, allowing the Hilbish claim, not being questioned by effective appeal, became final 30 days after its entry, that is on 17 April 1966.

It was not until 7 July 1966, that the administrator obtained a removal of the administration of the estate to the Equity Court. We note that at the time of the removal of the administration of the estate to Equity several other claims had been filed against the estate. After the removal, the administrator admitted the validity of some of the claims and contested others.

As before stated, prior to the removal of the administration of the estate to Equity, the decree and order of the Probate Court holding valid and fixing the amount of the Hilbish claim had become final, nor was this finality affected by the attempted appeal therefrom, such effort being ineffectual in the premises.

■ Where jurisdiction has attached, a decree of the Probate Court, within its sphere of jurisdiction, is as conclusive as that of any other court of general jurisdiction, and is aided by the same intendments of law. Evans v. Evans, 200 Ala. 329, 76 So. 95; Carpenter v. Carpenter, 200 Ala. 96, 75 So. 472. We do not think that Section 139, Title 13, Code of Alabama 1940, providing for the removal of the administration of estates to the Equity Court contemplated that orders and decrees already finally adjudicated by the Probate Court on matters within its jurisdiction could thereby, by the process of such removal, be deemed to be vitiated and voided.

■ The order of the Probate Court as to the Hilbish claim having become final, and no appeal to the Circuit Court having been perfected from such order, the Court of Equity was without jurisdiction in the premises. Therefore, all matters in the Circuit Court relative to the Hilbish claim were coram non judice and void, and the decree of the Circuit Court relative to the Hilbish claim was a nullity. This is true even though the decree of the Circuit Court relative to the Hilbish claim was the same as the decree and order of the Probate Court.

We hasten to add that nothing we have written above is to be construed as questioning the order and decree of the Probate Court determining the validity and amount of the Hilbish claim. The decree and order of the Probate Court is not before us in this appeal and is in nowise involved. It stands as an undisturbed and final judgment whose merits cannot be inquired into.

■ Likewise, since it is our conclusion that the Equity Court never acquired jurisdiction of the Hilbish claim, the merits of that claim as litigated in the Equity Court will not be looked to, though in briefs of counsel the facts as developed in the Equity Court and the legal principles applicable thereto constitute the principle arguments pro and con as to whether error does or does not infect the decree of the Circuit Court relative to the Hilbish claim.

In the decree of 2 March 1967, the Circuit Court entered findings and orders as to several other claims and matters pertaining to the administration of the White estate.

One of the contentions of counsel for appellant is that the Chancellor erred in refusing to recuse himself from the consideration of the Hilbish claim for reasons heretofore set forth. This asserted error is of no import in view of our conclusion

that the portion of the decree appealed from pertaining to the Hilbish claim is a nullity. This does not indicate that we think any merit is attached to this contention in any event.

In its decree of 2 March 1967, herein appealed from, the court found that the respective claims filed against the White estate by the Thompson Tractor Company and the Dalrymple Equipment Company had been adjusted in specified amounts. The court thereupon decreed that these claims were valid in the amounts to which they had been adjusted and that they be paid by the administrator. The court further decreed that these claimants "have and recover" from the administrator the amounts of the claims as adjusted. This same provision appears in the decree as to the Hilbish claim.

Counsel for appellant contends that the "have and recover" provision in the decree allowing the Hilbish claim, (and the same contention would be applicable to the Thompson and Dalrymple claims), would require the administrator to do a wrongful act, that is, to pay unpreferred claims to the exclusion of preferred claims. In his report to the court in connection with his actions as administrator, the administrator has listed no preferred claims as filed against the estate.

■ Be that as it may, we consider the provisos in the decree that the claimants "have and recover" of the administrator to be mere surplusage in the nature of a clerical error. It is clear from the applicable statute, the pleadings, and evidence, and the issues thereby developed that what was intended was to establish the validity and amount of the claims. This the court did.

■ A proceeding under Section 216, Title 61, Code of Alabama 1940, in a contest of a claim, is only to fix the rights to a fund in trust being administered in that particular court so as to determine who is entitled to it on distribution. Such proceeding does not and cannot properly lead to a moneyed judgment. Tillery v. Commercial National Bank of Anniston, 241 Ala. 653, 4 So.2d 125. Therefore, insofar as the decree adjudges that the claimants, Thompson Tractor Company and Dalrymple Equipment Company, "have and recover" of the administrator the amounts of the claims and allowances as determined, the decree is hereby amended by striking the part that the above named claimants "have and recover" from the administrator the sums of the claims. Speigner v. Farquhar, 82 Ala. 569, 3 So. 47.

■ Counsel for appellant also contends that the court erred in allowing the claim of the City National Bank of Tuscaloosa in that there is no evidence in the record to support such claim. This argument overlooks the fact that in his report to the court of his actions the administrator listed some seven claims as having been filed against the estate, included therein being the claim of the City National Bank in the amount of $5,175.00. The administrator then sets forth four of the listed claims to which contests have been filed. The claim of the City National Bank is not named among the disputed or contested claims. This can only be interpreted as an acknowledgment by the administrator of the validity of the City National Bank's claim.

The decree appealed from is due to be dismissed as to that part attempting to adjudicate the Hilbish claim, modified as to that part adjudging that claimants, Thompson Tractor Company and Dalrymple Equipment Company, "have and recover" of the administrator the sums of their respective claims by striking such "have and recover" phrases from the decree, and as so modified, the decree is due to be affirmed.

Modified and affirmed in part; dismissed in part.

. LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.