329 So.2d 88

**Hazel V. Watkins CULP, etc.**

**v.**

**Elizabeth H. GODWIN et al.**

**Elizabeth H. GODWIN et al.**

**v.**

**Hazel V. Watkins CULP, etc.**

**SC 1450, SC 1450–X.**

Supreme Court of Alabama.

Feb. 20, 1976.

Rehearing Denied April 2, 1976.

Jesse M. Williams, III, Montgomery, for appellees.

BLOODWORTH, Justice.

Mrs. Culp [hereinafter referred to as appellant], executrix of the estate of her late husband, Jimmie Ray Watkins, appeals from the circuit court's denial of her motion to dismiss a claim against the estate filed by Elizabeth H. Godwin, et al. [hereinafter referred to as appellees]. Appellees cross-appeal, assigning as error the circuit court's denial of their several motions to dismiss the appeal from the probate court to the circuit court.

These appeals arose as follows.

On October 26, 1966, Floy H. Watkins died intestate in Montgomery County, Alabama, leaving as survivors her husband, Jimmie Ray Watkins, and her next-of-kin, the appellees. There was no administration on her estate. She left certain real and personal property at her death.

On April 14, 1972, Jimmie Ray Watkins, the widower, was remarried to appellant.

On July 9, 1972, Watkins died, leaving a last will and testament by which all his property was bequeathed to his wife, the appellant, who was named the executrix. The will was admitted to probate in the probate court, and letters testamentary were issued to appellant on September 21, 1972.

On March 8, 1973, appellees filed a claim against Jimmie Ray Watkins' estate in the probate court, claiming a share, as heirs,

Alfred W. Goldthwaite, Montgomery, for appellant.

of the estate of Floy H. Watkins, and claiming she died owning a separate estate. A contest of the claim, filed by appellant, was heard in the probate court and that court allowed the claim in the amount of $10,920.97 on July 16, 1974.

On August 14, 1974, appellant filed a petition in the probate court requesting "removal" of the administration to the circuit court and "appealing" the probate judge's order of July 16, 1974, which allowed appellees' claim.

On that same day, August 14, 1974, Circuit Judge Richard P. Emmet entered an order transferring the cause to the circuit court. (No mention of the appeal was made in the order.)

On September 27, 1974, appellees filed motion to dismiss the appeal because appellant failed to give security for costs. Whereupon, on October 4, 1974, appellant filed motion to dismiss appellees' motion to dismiss the appeal. On November 15, 1974, Judge Emmet granted appellant's motion and denied appellees' motion.

On January 23, 1975, appellees renewed their motion to dismiss the appeal. And, on January 31, 1975, appellant renewed her motion to dismiss the appellees' motion to dismiss the appeal. Again, Judge Emmet granted appellant's motion and denied appellees' motion, all on February 11, 1975.

Appellant then, on August 14, 1975, moved to dismiss appellees' claim on the ground that it is barred by the statute of limitations of six years, the said Floy H. Watkins (through whom appellees claim) having died October 26, 1966, more than six years previously, and the claim not having been filed until March 8, 1973. [We will treat the motion as having been filed under Rule 12(b) A.R.C.P.]

On August 25, 1975, Judge Emmet denied appellant's motion to dismiss the claim, from which order appellant has appealed. Appellees cross-appeal and claim error in the trial judge's denial of their two motions

to dismiss the appeal from the probate court to the circuit court.

It is appellant's contention for reversal that the circuit court should have granted her motion to dismiss appellees' claim because the claim was barred by the six-year statute of limitations (Tit. 7, § 21, Subdivision 3, Code of 1940 [Recompiled 1958]). Although there was no administration of the Floy Watkins estate, appellant argues that appellees could have sought to be appointed administrator or could have sued for their alleged share of her property within the six-year period.

The appellees, on the other hand, contend, first, that Tit. 7, § 21 refers to actions for the detention or conversion of specific items of personal property but does not lie for recovery of money unless to recover specific coins, and therefore the circuit court's order appealed from was correct. Second, appellees suggest that the court's order denying appellant's motion to dismiss the claim will not support an appeal. Finally, appellees urge that the circuit court's order denying appellant's motion to dismiss the claim was correct because appellant failed to file security for costs in order to perfect an appeal from the probate court's allowance of the claim.

We think the appellees' latter contention is meritorious and disposes of this appeal. We need not consider the appellees' other contentions.

▉ There is no question but that appellant had the right to remove the administration of the estate of her late husband from probate to circuit court. Tit. 13, § 139 gives her that right as a matter of law, and without any condition annexed thereto as to payment of costs. *Ex parte Bell*, 221 Ala. 304, 128 So. 594 (1930). The order of removal was therefore proper.

On the other hand, when a judgment on a claim against an estate has been rendered, either party may appeal to the circuit court within 30 days and secure a trial de novo

in the circuit court. Tit. 61, § 216, Code of 1940, as amended by Act No. 324, Acts of Legislature 1943, Regular Session, at page 308. [See Tit. 61, § 216, Recompiled Code 1958.]

Is the appealing party required to give security for costs on appeal to the circuit court from the allowance of a claim against the estate? We think, under the holdings of our cases, the answer is in the affirmative.

This very issue was addressed by this Court in *Wilkerson v. Hagan*, 265 Ala. 515, 92 So.2d 901 (1957) (per Coleman, J.).

"Does § 216 of Title 61, Code 1940, as amended in 1943, require a party to give security for costs as provided by § 782 of Title 7, Code 1940, when that party appeals to the circuit court from the judgment of the probate court, in a proceeding initiated in and determined by the probate court under said § 216, to determine the validity of a claim filed against an estate being administered in the probate court?"

In *Wilkerson*, this Court held:

"We answer that question in the affirmative. In such appeal, security for costs is required."

\* \* \* \* \* \*

"§ 216, Title 61, Code 1940, recites in part:

"'\* \* \* If the judgment on any such claim is rendered by a probate court, either party may *within thirty days* after the rendition of such judgment appeal to the circuit court of the county in which the administration of said estate is pending, \* \* \*.' (Emphasis supplied.)

"In *Clary v. Cassels*, 258 Ala. 183, 61 So.2d 692, 697 this court said:

"'It is provided, also, in Code 1940, Tit. 7, § 782, *which is applicable here*, that:' (Emphasis supplied.)

"'"In all other cases in which an appeal is taken under the provisions of this article, *the appellant, or some one for him, must give security for the costs of such appeal,* \* \* \*"' (Emphasis supplied.)'

"In that case, this court held that the security for costs was defective, and that *giving security for costs* as prescribed by § 782, Title 7, Code 1940, *went to the jurisdiction of the circuit court.*

"[4] Appellant argues that the appeal from probate court to circuit court in this case is 'governed' by § 216 of Title 61, Code 1940, and not by § 782 of Title 7, Code 1940.

"That is correct as to the particular elements of such appeal mentioned in and limited by § 216 of Title 61, Code 1940, some elements being: Time for taking such appeal, trial de novo, trial by jury, and court to which appeal may be taken.

"As to particulars not specified, this court held in *Clary v. Cassels,* supra, that the appeal is governed by the general statutes. § 782 of Title 7, Code 1940, is one such general statute. If we cannot look to the general statutes, then the courts would be without rules for guidance or control as to particulars of appellate procedure which are not specifically set out in § 216."

\* \* \* \* \* \*

"Our conclusion is that the language and history of the 1943 act do not disclose a legislative intent to provide for appeals from probate court to circuit court without security for costs, in proceedings under that statute."

We are thus bound to follow our decisions in *Wilkerson* and *Clary,* supra, so that when the executrix appeals to circuit court from the judgment of the probate court allowing a claim filed against the estate in the probate court, the executrix is required to give security for costs.

Filing security for costs goes to the jurisdiction of the court and upon failure to so file within 30 days of the order, the appeal is subject to being dismissed. Appellees' motions to dismiss should have been granted.

One of our recent decisions disposes of the final contention of appellant that once the cause is removed to the circuit court that court has full authority to re-adjudicate all matters involved in the estate, including those orders heretofore rendered by the probate court.

In *White v. Hilbish,* 282 Ala. 498, 213 So.2d 230 (1968), per Harwood, J., this Court held:

"Where jurisdiction has attached, a decree of the Probate Court, within its sphere of jurisdiction, is as conclusive as that of any other court of general jurisdiction, and is aided by the same intendments of law. *Evans v. Evans,* 200 Ala. 329, 76 So. 95; *Carpenter v. Carpenter,* 200 Ala. 96, 75 So. 472. We do not think that Section 139, Title 13, Code of Alabama 1940, providing for the removal of the administration of estates to the Equity Court contemplated that orders and decrees already finally adjudicated by the Probate Court on matters within its jurisdiction could thereby, by the process of such removal, be deemed to be vitiated and voided."

There being no effective subsisting appeal in the circuit court from the order of the probate court allowing the claim, that order stands, and any order hereinafter made by the circuit court disallowing the claim would be coram non judice and void. *White v. Hilbish,* supra.

AFFIRMED ON APPEAL.

REVERSED AND REMANDED, ON CROSS-APPEAL.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.