This is a petition for the writ of mandamus directed to Honorable Ingram Beasley, Retired Circuit Judge. We deny the petition.
Plaintiff-respondent Super Valu Stores, Inc., filed suit against petitioner-defendant Southway Discount Center, Inc., alleging that Southway had defaulted on a note to Super Valu in the amount of $50,735.70 and on a separate $23,000 debt to Super Valu. Southway had, allegedly, based on the above debts, twice granted to Super Valu a security interest in all inventory items, once in 1974 and again in 1981. Super Valu contends both agreements are presently operative, and that the 1974 agreement (extended by a continuation statement filed with the Secretary of State in 1979) was in effect continuously to secure future advances to Southway, as well as prior loans.
When it filed suit, Super Valu simultaneously filed a motion for a writ of seizure of Southway's inventory items. The trial court heard and granted that motion and the inventories were seized by Super Valu without any further notice to Southway.
Subsequent to the seizure of its inventories, Southway filed a motion for dissolution of the prejudgment seizure writ. Pursuant to Rule 64 (b)(2)(C), ARCP, the trial court held a hearing to determine the issue whether there was good cause for the prejudgment writ to issue. No testimony was presented by either party; the trial court made its decision based solely on the consideration of the security agreements and an affidavit submitted by Super Valu, although the documents were not formally introduced as evidence by Super Valu. Southway made no objection to the trial court's consideration of those documents.
After denial of its motion for dissolution of the prejudgment seizure writ, Southway sought permission from this court to appeal that interlocutory order pursuant to Rule 5, ARAP, contending that Super Valu, because it had presented no testimony and because no documents had been admitted as evidence, had failed to meet its burden of proof of right to a writ as required by Rule 64. Permission to appeal that order was denied Southway by this court. Southway's motion for reconsideration was also denied.
Immediately thereafter, Southway filed a motion for summary judgment against Super Valu, which was denied. It then petitioned this court for the writ of mandamus, raising the issues previously presented when seeking permission from this court to appeal the denial of the motion for dissolution of the prejudgment seizure.
Respondent Super Valu contends, and we agree, that mandamus is inappropriate under these circumstances.
It is elementary that the writ of mandamus is appropriate as a remedy only when there is a clear legal right and where there is no other adequate remedy. Ex parte Strickland, 401 So.2d 33
(Ala. 1981). Mandamus cannot be used as a substitute for appeal. See, e.g., Echols v. Housing Authority of Auburn,377 So.2d 952 (Ala. 1979); Ex parte Furnace and Corrosive Services,Inc., 418 So.2d 891 (Ala. 1981); Ex parte South CarolinaInsurance Co., 412 So.2d 269 (Ala. 1982).
In this case, after trial, if Southway loses on the merits, it will have the right of appeal, and one of the issues it may raise on appeal is the denial of the motion for summary judgment. A valid statutory bond has been posted by Super Valu for the protection of Southway, should it be judicially determined that Super Valu wrongfully, or erroneously, seized *Page 900 
Southway's inventory or any part thereof. Therefore, we do not think Southway can validly contend appeal is an inadequate remedy for any harm suffered as a result of alleged error by the trial court.
For the above reasons, we deny Southway's petition for the writ of mandamus.
PETITION DENIED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.