Petitioners, David and Kathy Clayton, seek a writ of mandamus directed to the Honorable Marvin Cherner, Circuit Judge, Jefferson County, Alabama, compelling him to vacate his order of March 27, 1987, removing the administration of the estate of Robert J. Eckert, Jr., from the probate court of Jefferson County, Alabama. Because we find no abuse of discretion by Judge Cherner, we deny the writ of mandamus.
This matter began in probate court with the administration of the estate of Robert J. Eckert, Jr. Petitioners filed a claim against the estate for breach of warranty arising from a contract between the decedent and his wife, and the petitioners. The *Page 1015 
breach of warranty claim was brought in the probate court. Later, the claim was amended to invoke the equity jurisdiction of the Jefferson County Probate Court pursuant to a local act relating to Jefferson County, Act No. 1144 (1971 Alabama Acts), and to make a claim against the administratrix, individually, for $100,000.00 in damages.
The trial began on petitioners' claim in probate court on March 26, 1987, with attorneys for both sides present. Petitioners' case began and continued for three hours, until the judge recessed for the day. By 8:30 a.m. the following morning, the administratrix of the estate had obtained an order from the Honorable Marvin Cherner granting her petition for removal of the administration of the estate to circuit court pursuant to § 12-11-41, Code of Alabama (1975).
Petitioners now seek a writ of mandamus on three grounds:
1. That once equity jurisdiction had been invoked pursuant to Act No. 1144, Judge Cherner did not have the authority and/or jurisdiction under § 12-11-41, Code of Alabama (1975), to remove the matter from probate court to circuit court.
2. That Judge Cherner abused his discretion by ordering removal to circuit court in the middle of the oral hearing in the probate court.
3. That Judge Cherner had no right to remove the administration of the estate to circuit court without notice to the claimants against the estate.
Since mandamus is an extraordinary remedy, the standard for determining whether it should be granted is to determine whether there has been a clear abuse of discretion by the trial judge in an arbitrary and capricious manner. Exparte Nelson, 448 So.2d 339, 340 (Ala. 1984); Rossv. Luton, 456 So.2d 249 (Ala. 1984); Ex parteHartford Insurance Co., 394 So.2d 933 (Ala. 1981);Ex parte Wilson, 408 So.2d 94 (Ala. 1981). Further, a writ of mandamus will not be issued unless the movant has a clear and indisputable right to a particular result. Exparte Thompson, 474 So.2d 1091 (Ala. 1985); Ex parteSouthway Discount Center, Inc., 445 So.2d 898 (Ala. 1984). Since we find no abuse of discretion by Judge Cherner, we deny the writ of mandamus. Nevertheless, we will address all three issues raised by the petitioners.
 Authority of Circuit Judge to Grant Removal
Petitioners argue that there is a conflict between the general removal statute, § 12-11-41, Code of Alabama (1975), and the local act, Act No. 1144 (1971) AlabamaActs. Act No. 1144 permits the probate court to exercise concurrent jurisdiction with the circuit court on equity issues by granting the parties the power to invoke equity jurisdiction in the probate court for those cases already within its jurisdiction. The stated purpose of the statute is to expedite and facilitate the administration of estates by permitting the probate court to apply equitable remedies to the cases already within its jurisdiction. Act No. 1144, § 6.
Petitioners argue that this statute conflicts with the general removal provision of § 12-11-41, Code of Alabama (1975), which states:
 The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.
Though the local act confers equity jurisdiction on the probate court, § 6 of the *Page 1016 
local act makes it evident that powers granted to the court pursuant to the local act in no way affect the rights and conditions for removal under the general statute. Section 6 of Act No. 1144 states:
 The jurisdiction conferred by this act on the Probate Courts and the Probate Judges of such counties is intended to be cumulative only, and it is not intended hereby to in any manner limit or restrict the present jurisdiction of the Circuit Courts or the Probate Courts of such counties, including, without limitation, the right to appeal from orders, judgments and decrees of the Probate Judges of such counties in the manner as now provided by law. Nothing in this act shall be construed as prohibiting or as creating any conditions to the removal of any estates, or the administration of any estates, from the Probate Court to the Circuit Court, in equity, as is now provided by law. It is the primary intention of this act to expedite and facilitate the administration of estates and such other matters as are mentioned herein in counties of over 500,000 population, and should any part of this act be declared unconstitutional, such declaration shall not affect the remainder of this act. [Emphasis added.]
There is no ambiguity in the language of the local act; thus, there is no need for this Court to go beyond the face of the statute. We find that the local act does not limit or change the administratrix's right to remove pursuant to the requirements of § 12-11-41, Code of Alabama (1975).
Given our finding that there is no conflict between the local act and the general statute, the remaining question is whether the administratrix properly petitioned for removal pursuant to § 12-11-41, Code of Alabama (1975). It is undisputed that the petition for removal complied with the formal requirements of § 12-11-41. However, petitioners dispute the timeliness of the petition and the exparte nature of the order.
 Timeliness of Petition for Removal
Section 12-11-41, Code of Alabama (1975), allows removal of the administration of the estate "at any time before a final settlement." The parties were in the midst of the trial on petitioners' breach of warranty claim against the estate when the administratrix of the estate petitioned for removal to circuit court. The administratrix had appeared in probate court and was actively participating in the trial at the time she petitioned for removal. Petitioners have not argued that commencement of the trial on the claim against the estate constituted a "final settlement" of the estate, nor does this Court conclude that it was a final settlement.
The language of the statute — "at any time before a final settlement" — is broad and allows removal at any time. § 12-11-41, Code of Alabama (1975). The only limitation on removal occurs once the probate court has taken steps toward a final settlement, or has, in fact, made a final settlement. Mobbs v. Scott, 233 Ala. 70,169 So. 698 (1936); Ex parte McLendon, 212 Ala. 403,102 So. 696 (1924). Nonetheless, this rule does not apply if the probate court lacks the authority or jurisdiction to render adequate relief in equity. Crossland v. First NationalBank of Montgomery, 233 Ala. 432, 172 So. 255 (1937).
"Final settlement" has a distinct meaning. Section43-2-502, Code of Alabama (1975), states what actions constitute a final settlement:
 In making settlements of an administration, the executor or administrator must proceed as follows:
 He must make out an account between himself and the estate he represents, . . . which account, verified by his oath, must be filed with the judge of probate of the court having jurisdiction.
 With such account he must also file the vouchers and written evidence in his possession, . . . file a statement, on oath, of the names of the heirs and legatees of such estate. . . .
 He must state the sum of funds of the estate which he has used for his own benefit. . . .
Furthermore, this Court has previously held that "[j]urisdiction for final settlement *Page 1017 
in the probate court begins upon filing accounts and vouchers with statement of the heirs invoking the court's jurisdiction for such settlement and an order entered setting day, directing notice, etc." McLendon, supra,212 Ala. at 405, 102 So. 696, citing §§ 5901, 5904, Code of Alabama (1923), now §§ 43-2-501 and 43-2-502, Code of Alabama (1975).
Finally, the administratrix's petition for removal of the administration of the estate must be considered separate and distinct from petitioners' claim against the estate. If, for instance, an heir of the estate who was uninvolved in the claim against the estate for the breach of warranty, rather than the administratrix, had petitioned for removal at precisely the same time, the petitioners would have little basis for arguing that the petition for removal was based on what occurred at the trial.
Administration of the estate is a broad concept involving all matters necessary to reach a final settlement of the estate. Petitioners' breach of warranty claim is but one aspect of the administration of the estate, and it is treated as a possible debt owed by the estate that must be decided before the court can order a final settlement. This concept is further illustrated in § 43-2-501, Code of Alabama (1975), which states when final settlement can occur:
 Final settlement may be made at any time after six months from the grant of letters, if the debts are all paid and the condition of the estate in other respects will admit of it. [Emphasis added.]
If petitioners' claim is for a debt owed by the estate, then final settlement cannot occur until that claim has been decided. If that is true, then it is impossible for the trial on petitioners' claim for breach of warranty to constitute a final settlement of the estate.
Petitioners argue that once the jurisdiction of a court attaches, a decree or decision by the probate court is conclusive. Petitioners cite Culp v. Godwin,295 Ala. 316, 329 So.2d 88 (1976), holding that once the probate court has reached a final judgment on a claim against the estate, the only remedy is an appeal, even if the case is later removed to circuit court. Wilkerson v. Hagan,265 Ala. 515, 92 So.2d 901 (1957). In other words, petitioners argue, once the probate court decides a claim and the time for appeal has passed, a subsequent removal of the administration of the estate to circuit court has no effect on the judgment of the probate court on the claim against the estate. Culp, supra; Wilkerson, supra.
Culp, supra, is not applicable to the facts of this case. When the administration of the estate is removed, all aspects of the administration must be removed.Johnson v. Johnson, 252 Ala. 366, 41 So.2d 287
(1949); Brewer v. Brewer, 250 Ala. 658, 35 So.2d 557
(1948). It would be improper to allow the probate court to have jurisdiction over petitioners' claim and the circuit court to retain jurisdiction over all other aspects of administration. In Culp, supra, the probate court had already reached a final judgment prior to removal of the administration of the estate. At that point, it was unnecessary and improper to retry the claim against the estate. White v. Hilbish, 282 Ala. 498,213 So.2d 230 (1968).
Clearly, in the case of petitioners' claim, there had been no final settlement on the claim by the probate court, but petitioners argue that allowing removal once the trial on their claim has begun is inherently unfair. Specifically, petitioners argue that this permits the administratrix to preview the case, harass the petitioners, or simply conclude that the hearing in probate court was not going in their favor. In addition, they say, allowing removal in the middle of trial is a waste of time and expense.
Petitioners' arguments are reasonable. However, if removal is allowed at any time before final settlement of the estate, and the claim against the estate has not led to a final settlement, then § 12-11-41, Code of Alabama (1975), permits removal even in the midst of trial. SeeCulp, supra.
Petitioners' arguments would be legitimate as applied to parties involved in the final settlement of the estate, since § 12-11-41, creates uncertainty in the *Page 1018 
sense that an administrator or heir and other parties specified in the statute can arguably petition for removal at any time prior to final settlement. However, as it applies to final settlements, this Court has already limited removal once the court has taken steps toward final settlement. SeeMobbs, supra, and McLendon, supra.
Furthermore, though that is an important issue, it is not the question before this Court. The facts of this case do not support a finding that the trial was part of the final settlement of the estate. Even if it were, this Court would only have the power to interpret the legislation, not rewrite it.
Based on the foregoing, we find no basis for concluding that the trial on petitioners' claim constituted a step toward final settlement; therefore, we find that the petition for removal in the midst of trial on the claim against the estate was timely.
 Ex Parte Order
The final issue to be decided is whether the circuit judge abused his discretion in ordering removal without giving notice to the petitioners. We find that § 12-11-41
neither expressly nor impliedly requires that any party receive notice of a petition for removal. The statute confers a right upon the heirs, administrators, and certain other parties to petition for removal at any time before final judgment without assigning any special equity, simply by alleging in the petition that in the opinion of thepetitioner the estate would be better administered in the circuit court. Dooley v. Dooley, 205 Ala. 281,87 So. 545 (1921). Upon the timely filing of a sworn petition averring these facts, the court, as a matter of law, must grant removal. Since removal is a matter of right, notice is unnecessary.
For the foregoing reasons, the petition for writ of mandamus is denied.
WRIT DENIED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.