Emory L. Terry ("Emory"), as the administrator of the estate of Fay Sewell Terry, deceased ("the estate"), petitions this Court for the writ of mandamus directing the Mobile Circuit Court to vacate its order remanding the administration of the estate to the Mobile Probate Court. In the alternative, Emory appeals the decision of the circuit court remanding the case to probate court. We consolidated the two proceedings for purposes of writing one opinion. Because Emory's direct appeal serves as an adequate alternative remedy to mandamus relief, we deny his petition for the writ of mandamus; we affirm the decision of the Mobile Circuit Court.
 Facts and Procedural History
This case arises from a dispute between Emory and two of his sons, Craig G. Terry and Kendrick Terry. Craig and Kendrick have objected to the final settlement of the estate because they dispute the inventory and distribution of the assets of the estate. Emory first petitioned the probate court for a final settlement of the estate in May 2005 and filed an accounting of assets and a statement of heirs at that time. The probate court sent a notice to all the heirs listed by Emory and set the hearing on the petition for September 2005. Craig and Kendrick answered the petition and objected to Emory's accounting. Following the September hearing, the parties engaged in discovery and a series of motions, responses, and hearings, none of which resolved the issues raised at the September 2005 hearing. In June 2006, Emory moved the circuit court to remove the administration of the estate to the circuit court pursuant to § 12-11-41, Ala. Code 1975.[1] That motion was denied, and Emory petitioned this Court for the writ of mandamus directing the probate court to transfer the administration of the estate to the circuit court. In October 2006, this Court noted that "[the] root of the problem in this case is the failure of the circuit court to act" and denied Emory's petition, in part "because the administrator has another available remedy if the circuit court fails to grant the petition for removal upon its being filed with the necessary statutory averments." Ex parte Terry, *Page 402 
957 So.2d 455, 459 (Ala. 2006). The decision in Terry was based on an earlier ruling in which this Court held that
 "when a party has made a prima facie showing that the party is entitled to the removal of the administration of an estate under § 12-11-41, `the circuit court must order its removal, subject to retransfer upon a motion by the opponent of the transfer, and a finding by the circuit court that the party effecting removal lacked standing under the statute.'"
957 So.2d at 458 (quoting Ex parte McLendon,824 So.2d 700, 704 (Ala. 2001) (hereinafter "McLendon II")). This Court further stated in Terry that "if upon denial of this petition for a writ of mandamus the circuit court denies the administrator's pending motion to amend or to vacate its order denying removal, . . . the administrator may appeal the order of the circuit court." 957 So.2d at 459. Following this ruling, the circuit court granted Emory's petition to remove the administration of the estate. Kendrick and Craig then moved the circuit court to transfer the case back to the probate court on the ground that Emory's petition for removal was untimely. The circuit court granted Kendrick and Craig's motion, citing § 12-11-41, Ala. Code 1975, which provides in relevant part that the "estate may be removed from the probate court to the circuit court at any time before a final settlement thereof. . . ." The circuit court found that Emory had properly petitioned the probate court to begin final settlement proceedings and that the probate court had taken jurisdiction in the case. The circuit court concluded that Emory's petition to remove the administration pursuant to § 12-11-41 was therefore untimely and that the administration of the estate was due to be remanded to the probate court. Emory has sought review of this decision either by the writ of mandamus or, alternatively, by direct appeal. As noted earlier, we deny the petition for the writ of mandamus because his appeal serves as an adequate alternative remedy, and, as to the appeal, we affirm.
 Analysis
Emory petitions this Court for the writ of mandamus directing the circuit court to reverse its order remanding the administration of the estate to the probate court.
 "`"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." . . .'"
Terry, 957 So.2d at 457 (quoting Ex parteWilliford, 902 So.2d 658, 661-62 (Ala. 2004)). This Court has held that the order of a circuit court "remanding the administration of [an] estate to the probate court [moves] this branch of the case out of the circuit court, and [is] such final decree as will support [an] appeal." Ex parteKelly, 243 Ala. 184, 187, 8 So.2d 855, 857 (1942) (citingBailey v. Southern Ry., 215 Ala. 677, 112 So. 203
(1927)). As he did when he previously petitioned this Court for the writ of mandamus, Emory has another available remedy by direct appeal of the order of the circuit court. SeeTerry, 957 So.2d at 459. Therefore, we deny Emory's petition for the writ of mandamus, and we review the order of the circuit court as a final judgment.
Emory's appeal "involves only an issue of law and the application of the law to undisputed facts; therefore our review is de novo." Ex parte Hamilton, 970 So.2d 285,287 (Ala. 2006) (citing Ex parte *Page 403 Walker, 928 So.2d 259, 262 (Ala. 2005)). The sole issue on appeal is whether the circuit court, to which the administration of the estate was removed pursuant to § 12-11-41, Ala. Code 1975, may remand the administration of the estate to the probate court on the ground that the probate court had already begun to exercise jurisdiction over the final settlement of the estate.
Following this Court's denial of Emory's previous petition for the writ of mandamus, the circuit court granted Emory's petition for removal of the administration of the estate from the probate court pursuant to § 12-11-41, Ala. Code 1975. That statute provides that "[the] administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity." The availability of removal under § 12-11-41 is broad, and "[the] only limitation on removal occurs once the probate court has taken steps toward a final settlement, or has, in fact, made a final settlement."Ex parte Clayton, 514 So.2d 1013, 1016 (Ala. 1987).
"The term `final settlement' signifies that `nothing remain[s] to be done by an administrator or by the court in the settlement of [the] estate.'" Boyd v. Franklin,919 So.2d 1166, 1173 (Ala. 2005) (quoting Stevens v.Tucker, 87 Ind. 109, 115 (1882)). However, this Court has long held that "[the] words `at any time before a final settlement,' found in the removal act, mean before proceedings for settlement begin, not before they are completed." Exparte McLendon, 212 Ala. 403, 405, 102 So. 696, 698 (1924) (hereinafter "McLendon I"). "`Furthermore, this Court has previously held that "[j]urisdiction for final settlement in the probate court begins upon filing accounts and vouchers with [a] statement of the heirs invoking the court's jurisdiction for such settlement and an order entered setting [the] day, directing notice, etc."'" Boyd,919 So.2d at 1172 (quoting McLendon I, 212 Ala. at 405,102 So. at 698, citing §§ 5901 and 5904, Ala. Code 1923 (now §§ 43-2-501 and -502, Ala. Code 1975)). When the probate court has assumed jurisdiction over the final settlement of an estate, yet a petitioner has successfully removed the administration to the circuit court, the circuit court may retransfer the administration to the probate court upon the motion of the party opposing removal. McLendon II, 824 So.2d at 704.
In this case, the circuit court's order retransferring the administration of the estate to the probate court indicates that Emory had petitioned the probate court for final settlement proceedings. The order further indicates that the probate court had assumed jurisdiction and had taken steps toward the final settlement. The record supports these findings. Emory petitioned the probate court for a final settlement in May 2005 and submitted an accounting of assets and debts and a statement of heirs. The probate court sent a notice of the initial hearing on the petition to the heirs listed in Emory's petition. Because the initial hearing did not accomplish a final settlement of the estate, the probate court issued an order after the hearing directing discovery, setting a date for trial, and identifying the issues for trial. Emory then filed with the probate court an amended petition for a final settlement. From these facts, it is clear that Emory intended to invoke the probate court's jurisdiction over the final settlement of the estate by submitting his petitions, amendments, supplements, and accounts for a final settlement. It is equally clear by the notices, orders, and *Page 404 
rulings on motions that were issued by the probate court and the hearings held by that court that the probate court had accepted jurisdiction over the administration of the estate and had taken steps toward final settlement. Despite the wide latitude afforded under § 12-11-41, Ala. Code 1975, to interested parties who may petition for removal of the administration of an estate to the circuit court, this Court has consistently held that once final settlement proceedings have been commenced by the probate court's assumption of jurisdiction, removal is cut off. See Boyd,919 So.2d at 1172-73; McLendon II, 824 So.2d at 704-05; Exparte Clayton, 514 So.2d at 1016-18; Mobbs v.Scott, 233 Ala. 70, 169 So. 698 (1936); and McLendonI, 212 Ala. at 405, 102 So. at 698.
Emory admits in his petition for the writ of mandamus that the stress of administering an estate through the protracted litigation that resulted from his sons' contest of the assets of the estate led him to seek a more prompt resolution in the circuit court. Petition at 9. Although § 12-11-41, Ala. Code 1975, exists for the benefit of petitioners who believe that an "estate can be better administered in the circuit court than in the probate court," a petition for that relief must be made in a timely fashion before the invocation of the probate court's jurisdiction over final settlement proceedings.
 Conclusion
Because Emory was able to seek review of the circuit court's order retransferring this case to the probate court through direct appeal, the petition for the writ of mandamus is denied. Emory's petition to remove the administration of the estate to the circuit court was filed after the probate court had assumed jurisdiction of the final settlement of the administration of the estate. Therefore, the removal was improvidently granted, and we affirm the circuit court's order remanding the administration of the estate to the probate court.
PETITION DENIED; AFFIRMED.
COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
[1] Section 12-11-41, Ala. Code 1975, provides:
 "The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court."