THOMAS, Judge.
Edwina A. West died in April 2005. In May 2008, Frank Kruse, the general administrator of Mobile County, filed a petition requesting that letters of administration be granted to him. On June 24, 2008, the Mobile Probate Court granted letters of administration to Kruse.
On January 29, 2009, Kathryn Edwards, who claimed to be an heir of West, filed a petition for letters testamentary, claiming that West had had a will and that Edwards was named in West’s will as a successor executrix. In March 2009, Edwards filed a petition to disqualify the executrix named in West’s will, Joanne Edwards, because Joanne was suffering from advanced dementia. Willard Sims, another heir of West’s, opposed Edwards’s petition for letters testamentary.
In April 2009, Sims filed an offer to purchase the real property owned by West’s estate for $3,000 plus the cancellation of her $112,615.67 claim against the estate. Sims had asserted a claim against the estate for improvements she had made to the real property and for services and care rendered to West before her death.
In May 2009 and in June 2009, Kruse petitioned the probate court for permission to sell the real property of the estate to Sims. On August 3, 2009, Edwards objected to allowing Sims’s claim against the estate and to the proposed sale of the real property to Sims. After a trial held on January 27 and March 16, 2010, the probate court entered an order on March 24, 2010, that disallowed Sims’s claim against the estate. On April 14, 2010, Sims filed a *772 motion for a new trial with the probate court.[1]
Sims filed in the Mobile Circuit Court a petition seeking removal of the administration of the estate from the probate court on that same date, April 14, 2010. Also on April 14, 2010, Sims filed in the circuit court the same motion for a new trial that she had filed in the probate court. The circuit court entered an order on June 9, 2010, removing the administration of the estate from the probate court. The circuit court purported to deny Sims’s motion for a new trial on June 7, 2011.
On July 5, 2011, Sims filed what she styled a “motion for reconsideration” with the circuit court. In that motion, Sims argued that her claim should not have been disallowed for various reasons, including that some portion of the claim had been for funeral expenses and that Edwards would be unjustly enriched if the claim were not allowed. Sims also filed a brief in support of her motion and an affidavit of another heir regarding the alleged agreement between Sims and West regarding Sims’s care of West during West’s lifetime. The circuit court denied Sims’s “motion for reconsideration” on September 8, 2011. On September 28, 2011, Sims filed her notice of appeal to the Alabama Supreme Court from the circuit court’s order denying her motion for a new trial and her “motion for reconsideration.” This case was transferred to this court by the supreme court, pursuant to Ala. Code 1975, § 12-2-7(6).
Although no party questions our appellate jurisdiction in the present appeal, we may take notice of the lack of jurisdiction ex mero motu. See Keeton v. Keeton, 959 So.2d 114, 115 (Ala.Civ.App. 2006); Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998) (discussing the general rule that this court notices lack of jurisdiction ex mero motu and citing cases noting that rule). The question of jurisdiction in the present case is complicated by the fact that the administration of the estate was removed to the circuit court during the pendency of Sims’s motion for a new trial seeking reconsideration of the probate court’s judgment disallowing her claim against the estate. Nonetheless, as we will explain in further detail below, Sims’s appeal was untimely filed and is due to be dismissed.
A probate court’s judgment allowing or disallowing a claim against an estate is a final judgment, Willingham v. Starnes, 247 Ala. 30, 32, 22 So.2d 424, 426 (1945), and, by statute, an appeal from such a judgment is to be taken to the circuit court within 30 days. Ala.Code 1975, § 43-2-354. Sims, however, did not appeal the probate court’s judgment disallowing her claim to the circuit court. Instead, upon Sims’s motion, the circuit court removed the administration of the estate from the probate court during the pen-dency of Sims’s postjudgment motion directed toward the probate court’s judgment disallowing Sims’s claim against the estate.
Our supreme court has held that, “[w]hen the administration of an estate is removed from the probate court to the circuit court, the circuit court typically takes the proceeding where the probate court left off.” Ex parte Farley, 981 So.2d 392, 396 (Ala.2007); see also Estate of Autry v. McDonald, 332 So.2d 377, 379 (Ala. 1976); Ex parte Stephens, 233 Ala. 167, 169, 170 So. 771, 773 (1936) (“When the circuit court, in the exercise of its unques *773 tioned jurisdiction, reached out and brought before it for administration the estate , it took over that estate, and the proceedings had therein, just where they stood when the same were taken over. The order of removal did not serve to set aside or to annul what had been properly done theretofore in the probate court, but rather to ‘pick up the proceedings’ where the probate court had left off.... ”). In addition, “[w]hen the administration of the estate is removed, all aspects of the administration must be removed.” Ex parte Clayton, 514 So.2d 1013, 1017 (Ala.1987). Notably, however, removal of the administration of an estate does not “deem[ ] [previous orders of the probate court] to be vitiated and voided.” White v. Hilbish, 282 Ala. 498, 502, 213 So.2d 230, 234 (1968). Once a probate court has “reached a final judgment prior to removal of the administration of the estate[,] ... it [is] unnecessary and improper to retry the claim against the estate.” Ex parte Clayton, 514 So.2d at 1017.
Thus, when the administration of West’s estate was removed to the circuit court, the circuit court “ ‘pickfed] up the proceedings’ where the probate court had left off,” Ex parte Stephens, 233 Ala. at 169, 170 So. at 773, and the circuit court was permitted to rule on Sims’s pending motion for a new trial directed toward the probate court’s judgment disallowing Sims’s claim against the estate. Although the circuit court did purport to rule on that motion, it did so one year after the removal of the administration of West’s estate from the probate court. Sims’s motion for a new trial had been pending for 56 days on June 9, 2010, the date the administration of the estate was removed to the circuit court; thus, pursuant to Rule 59.1, Ala. R. Civ. P., Sims’s motion for a new trial was deemed denied by operation of law on July 13, 2010.[2] To be timely, Sims’s notice of appeal had to have been filed by August 24, 2010.[3] Sims’s notice of appeal was filed on September 28, 2011, over one year too late.
Even if we were to construe Sims’s motion as a Rule 60(b), Ala. R. Civ. P., motion to set aside the probate court’s order disallowing her claim against the estate, which we do not because Sims’s motion neither relied on Rule 60(b) nor recited any grounds under Rule 60(b), see Cornelius v. Green, 477 So.2d 1363, 1364-65 (Ala.1985), and Morrison v. Phillips, 992 So.2d 743, 745 (Ala.Civ.App.2008), such a construction would not save Sims’s notice of appeal from being considered untimely. Although a Rule 60(b) motion is not subject to the strictures of Rule 59.1, Sims would have been required to appeal the circuit court’s June 7, 2011, denial of that motion within 42 days, or by July 19, 2011. Sims’s “motion for reconsideration” of the circuit court’s June 7, 2011, ruling on her original motion would not have served to toll the time for taking an appeal. See Ex parte Keith, 771 So.2d 1018, 1022 (Ala.1998) (“After a trial court has denied a post-judgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to ‘reconsider’ or otherwise review its order denying the Rule 60(b) motion, and such a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal.”). Thus, even *774 if Sims’s motion were construed as a Rule 60(b) motion, Sims’s appeal, which was not filed until September 28, 2011, would still be untimely.
Because Sims’s appeal was not timely filed, we must dismiss her appeal. Rule 2(a)(1), Ala. R.App. P.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Pursuant to Ala.Code 1975, § 12-13-12, the Rules of Civil Procedure govern actions in the probate court, unless a different procedure is provided by a statute. Rule 59 and Rule 59.1, Ala. R. Civ. P., apply in probate-court proceedings. Morrison v. Phillips, 992 So.2d 743, 745 (Ala.Civ.App.2008).

. Even if we were to conclude that the removal of the administration of the estate to the circuit court started anew the 90-day period to rule on Sims’s pending motion, which we do not, that motion would have been deemed denied by operation of law, at the latest, on September 7, 2010.

. Pursuant to Ala.Code 1975, § 43-2-354, an appeal from a circuit court’s judgment allowing or disallowing a claim against an estate must be taken to the appropriate appellate court within 42 days.