MURDOCK, Justice
(concurring specially in case no. 1120678).
I agree with the conclusion in the main opinion that the failure of the circuit court to have entered an order of removal means that the circuit court could not have acquired jurisdiction over the conservator-ship. I write separately to state that my concurrence with the analysis of the main opinion should not be read as expressing any view as to whether, even if the circuit court had entered the order of removal here, it would have acquired jurisdiction over the conservatorship. Compare Ala. Code 1975, § 26-2-2 (providing that the administration of a guardianship or conser-vatorship “may be removed from the probate court to the circuit court, at any time before the final settlement thereof’), with Ala.Code 1975, § 12-11-41 (providing that the administration of a decedent’s estate “may be removed from the probate court to the circuit court at any time before a final settlement thereof’); see also, e.g., Mobbs v. Scott, 233 Ala. 70, 71, 169 So. 698, 699 (1936) (stating, in regard to the precursor to § 12-11-41: “It is settled that said statute ‘does not contemplate “the ouster of the jurisdiction of the probate courts, where that court has actually entered upon the exercise of its jurisdiction in and for a final settlement of estates.” ... The words “at any time before a final settlement,” found in the removal act, mean before proceedings for settlement begin, not before they are completed.’” (citation omitted)).